[No. B094910. Second Dist., Div. One. Oct. 25, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER LEPTE ERVIN, Defendant and Appellant.

[No. B095631. Second Dist., Div. One. Oct. 25, 1996.]

THE PEOPLE, Plaintiff and Appellant, v.
CHRISTOPHER LEPTE ERVIN, Defendant and Respondent.

## COUNSEL

Gil Garcetti, District Attorney, Diana L. Summerhayes and Shirley S. N. Sun, Deputy District Attorneys, for Plaintiff and Appellant.

C. Elliot Kessler, under appointment by the Court of Appeal, for Defendant and Appellant and Defendant and Respondent.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Jaime L. Fuster and Joseph P. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VOGEL (Miriam A.), J.**—Christopher Lepte Ervin was convicted by jury of burglary and forcible rape, with a finding that the rape was committed

during a residential burglary (Pen. Code, § 667.61, subd. (b)),[1] and he thereafter admitted allegations that he had suffered a prior attempted robbery conviction in 1982 and two prior felony convictions in 1993 (unlawfully taking a vehicle and possession of a firearm by a felon) for which he served a single prior prison term.[2] Ervin was sentenced to state prison for a term of 15 years to life for the rape (§ 667.61, subd. (b)), plus 5 consecutive years for the 1982 prior (§ 667, subd. (a)), with a 4-year concurrent sentence imposed for the burglary count, a term of 20 years to life. The "remaining priors" were stricken. ██ ██ ██ Ervin appeals, contending the maximum sentence the trial court should have imposed was a determinate 16-year sentence under the three strikes law, not an indeterminate life sentence with a 15-year minimum term under section 667.61, subdivision (b).[3] ██ ██ The People also appeal, contending Ervin should have been sentenced for the rape under *both* the three strikes law *and* section 667.61, subdivision (b), to a term of 30 years to life.[4] We agree with the People.

---

[1] All section references are to the Penal Code.

[2] When Ervin telephoned his former girlfriend, Thelma S., Thelma told him not to come to her apartment, but he said he was coming over to "kick her ass." When he arrived, he kicked in her door, pulled her telephone off the wall, hit Thelma in the face and dragged her out of a closet when she attempted to get away from him. He then followed her into her kitchen and watched while she fed lunch to her three-year-old son. When she was finished, Ervin told her he wanted sex. When Thelma refused, Ervin grabbed her. When she pleaded with him not to do anything in front of her son, Ervin told her, "Shut up, bitch." He then forcibly raped her, and left when he was finished. Thelma went to a phone booth and called 911.

[3] Ervin also contends his sentence on the burglary count should have been stayed (rather than run concurrent with his sentence on the rape), a contention we summarily reject. The fact that he committed the rape after he burglarized his victim's house does not mean he entered the house with only one objective. (§ 654.) Ervin's intent and objective were factual questions for the trial court (*People* v. *Adams* (1982) 137 Cal.App.3d 346, 355 [187 Cal.Rptr. 505]) and the finding of separate objectives is supported by the record (*People* v. *Ratcliff* (1990) 223 Cal.App.3d 1401, 1408 [273 Cal.Rptr. 253]). The People's theory was that Ervin entered the apartment with the intent to commit an assault by means of force likely to produce great injury, and the jury was so instructed. The prosecutor argued to the jury that at the time Ervin broke down Thelma's door, he was carrying out his threat to come over and "kick her ass." It was only after he hit and kicked her several times over a half-hour period, and after he watched her feed her child, that he decided to and did rape her. The concurrent sentence was proper.

[4] The People also contend the trial court should not have stricken the prior conviction allegations, which it seems to have done solely for sentencing after it determined that the three strikes law did not apply to a sentence imposed under section 667.61. As a result (and because Ervin was sentenced before the Supreme Court filed its decision in *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]), the trial court did not indicate one way or the other whether it would have exercised its discretion to strike the 1982 prior under the circumstances permitted by *Romero*. For these reasons, remand for resentencing is required. In this regard, we note that the record is not a model of clarity. The minute order does not specify what it was that Ervin admitted vis-à-vis the priors. According to the reporter's transcript, Ervin admitted that he was convicted of attempted robbery in 1982 (People v. Ervin (Super. Ct. L.A. County, No. A373050)) within the meaning of section 667,

## Discussion

■ With one qualifying prior, Ervin's rape sentence *under the three strikes law* would have been a determinate term (three, six or eight years), doubled—a maximum of 16 years, with his conduct credits limited so that he would have to serve at least 80 percent of the term. (§§ 261; 264, subd. (a); 667, subds. (c)(5), (e)(1); 1170.12, subd. (c)(1).) As imposed, Ervin's sentence *under subdivision (b) of section 667.61* is an indeterminate term of 15 years to life, with his conduct credits limited so that he must serve at least 85 percent of 15 years.[5] Ervin contends that, because he has a prior, he should have been sentenced under the three strikes law and not under section

---

subdivision (a)(1); of unlawfully driving or taking a vehicle in 1993 (People v. Ervin (Super. Ct. L.A. County, No. SA002287)) within the meaning of section 667.5, subdivision (b); and of possession of a firearm by a felon in 1993 (People v. Ervin (Super. Ct. L.A. County, No. NA013843)), within the meaning of section 667.5, subdivision (b). Since only the 1982 conviction was alleged as a strike, it appears that Ervin's maximum sentence would be 36 years to life.

[5]As relevant, section 667.61 provides as follows:

"(a) A person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 25 years . . . .

"(b) Except as provided in subdivision (a), a person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years except as provided in subdivision (j).

"(c) This section shall apply to any of the following offenses: [¶] (1) A violation of paragraph (2) of subdivision (a) of Section 261 [forcible rape]. . . .

"(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(e) The following circumstances shall apply to the offenses specified in subdivision (c): [¶] . . . [¶] (2) [Subject to an exception that does not here apply], the defendant committed the present offense during the commission of a burglary . . . .

"(f) If only the minimum number of circumstances specified in subdivision (d) or (e) which are required for the punishment provided in subdivision (a) or (b) to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a) or (b) rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty. However, if any additional circumstance or circumstances specified in subdivision (d) or (e) have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law. Notwithstanding any other law, the court shall not strike any of the circumstances specified in subdivision (d) or (e).

"(g) The term specified in subdivision (a) or (b) shall be imposed on the defendant once for any offense or offenses committed against a single victim during a single occasion. If there are multiple victims during a single occasion, the term specified in subdivision (a) or (b) shall be imposed on the defendant once for each separate victim. Terms for other offenses

667.61, subdivision (b). The People not only object to Ervin's attempt to reduce his sentence, but contend the statutes are cumulative, not alternative, and that Ervin's sentence under section 667.61 should have been doubled. We agree with the People.

About six months after the Legislature enacted the three strikes law as urgency legislation (Stats. 1994, ch. 12, §§ 1, 2), it adopted section 667.61 (Stats. 1994, ch. 447, § 1), the "one strike law." (*People* v. *Rayford* (1994) 9 Cal.4th 1, 8 [36 Cal.Rptr.2d 317, 884 P.2d 1369] [§ 667.61 is commonly known as the " 'One Strike' " law].)[6] Accordingly, our analysis of the issue before us begins with the presumption that the Legislature was aware of the three strikes law when section 667.61 was enacted (*People* v. *Bunyard* (1988) 45 Cal.3d 1189, 1238 [249 Cal.Rptr. 71, 756 P.2d 795])—and ends with the fact that there is no apparent reason in law or logic to believe the Legislature intended either law to operate exclusively of the other. As relevant to this issue, we do not find any ambiguity in section 667.61 or in any part of the three strikes law, and where, as here, two statutes are not inconsistent, both will be given effect. (*People* v. *Bunyard, supra,* 45 Cal.3d at p. 1238.) What this means is that Ervin, convicted of a violent rape during a burglary, must be sentenced to a term of 15 years to life under section 667.61, subdivision (b), and that his sentence must be doubled under the three strikes law. (*Hsu* v. *Abbara* (1995) 9 Cal.4th 863, 871 [39 Cal.Rptr.2d 824, 891 P.2d 804] [the words of a statute are the most reliable indicator of legislative intent]; *Kizer* v. *Hanna* (1989) 48 Cal.3d 1, 8 [255 Cal.Rptr. 412, 767 P.2d 679]; *Cisneros* v. *Vueve* (1995) 37 Cal.App.4th 906, 910 [44 Cal.Rptr.2d 682].) As the People point out, the three strikes law and section 667.61 serve different objectives—the former punishes recidivism, the latter aggravated sex offenses—and there is simply no reason for suggesting that a recidivist criminal ought to be rewarded rather than penalized because his latest offense is sufficiently heinous to bring him within the provisions of section 667.61.

committed during a single occasion shall be imposed as authorized under any other law, including Section 667.6 [prior sex offenses], if applicable.

"(h) Probation shall not be granted . . . .

"(i) For the penalties provided in this section to apply, the existence of any fact required under subdivision (d) or (e) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found true by the trier of a fact.

"(j) Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply to reduce the minimum term of 25 years in the state prison imposed pursuant to subdivision (a) or 15 years in the state prison imposed pursuant to subdivision (b). However, in no case shall the minimum term of 25 or 15 years be reduced by more than 15 percent for credits granted pursuant to Section 2933, 4019, or any other law providing for conduct credit reduction. In no case shall any person who is punished under this section be released on parole prior to serving at least 85 percent of the minimum term of 25 or 15 years in the state prison."

[6]*Rayford* mentions the then-newly enacted section 667.61 in the context of deciding whether section 208, subdivision (d), created a separate offense or an enhancement. (*People* v. *Rayford, supra,* 9 Cal.4th at p. 8.) We have not found any other case discussing any part of section 667.61.

To avoid this conclusion, Ervin contends the two statutes should be "reconciled by applying the three strikes law to recidivists whose present crimes are punishable under the three strikes law and by applying section 667.61 to first time offenders and to recidivists whose prior crime does not fall within the scope of the three strikes law." The problem with this approach is that it is contrary to the language of both statutes. Section 667.61 applies to certain first time sex offenders and to recidivists who have previously committed any of seven specified sex crimes, six of which are "serious" felonies within the meaning of the three strikes law.[7] Under Ervin's approach, we would effectively gut section 667.61 by eliminating the very persons clearly included by the language of that statute. We would also have to ignore the provisions in section 667 that it is to be applied *"in addition to any other enhancement or punishment provisions* which may apply" and that, "[n]otwithstanding any other law, [its provisions] shall be applied *in every case* in which a defendant has a prior [serious or violent] felony conviction." (§ 667, subds. (e), (f)(1), italics added.) Ervin's interpretation cannot be what the Legislature intended.

Finally, Ervin relies on a sentence taken out of context from a footnote in *People* v. *Jenkins* (1995) 10 Cal.4th 234 [40 Cal.Rptr.2d 903, 893 P.2d 1224], to support his assertion that the "Supreme Court has indicated . . . the three strikes law controls over section 667.61." His analysis fails. In *Jenkins,* the Supreme Court considered the relationship of the three strikes law to the old habitual offender scheme under section 667.7. In that context, the Supreme Court suggested that "[i]f the prosecution pleads and proves that a defendant qualifies for sentencing under the three strikes scheme . . . , the defendant must be sentenced pursuant to its provisions, even if he or she otherwise would qualify for sentencing under section 667.7 or some other sentencing statute." (*People* v. *Jenkins, supra,* 10 Cal.4th at p. 238, fn. 2.) What this means is that a second or third strike defendant is not entitled to a *benefit* (that is, a shorter sentence) under section 667.7 or some other sentencing statute, not that he cannot be punished *more severely* when the three strikes law is permissibly applied.

In *Jenkins,* the defendant was convicted of second degree murder, with an allegation that he was an habitual offender (§ 667.7) found true, and the issue was whether he should be sentenced under section 190, subdivision (a),

---

[7]Under section 667.61, a person who has previously been convicted of rape by force (§ 261, subd. (a)(2)), rape of a spouse by force (§ 262, subd. (a)(1)), genital or anal penetration by force (§ 264.1), lewd act with a child under the age of 14, unless probation is granted (§ 288), sodomy by force (§ 286), oral copulation by force (§ 288a) or genital or anal penetration *without* force (§ 289), and is again convicted of one of these crimes, must be sentenced to 15 years to life. (§ 667.61, subds. (b), (c), (d).) All of these offenses, with the exception of the one last mentioned, qualify as "serious" felonies under section 1192.7.

to a term of 15 years to life, or under section 667.7. As the Supreme Court explained, the evident purpose of section 667.7—to provide a distinct and *more severe* sentencing scheme for violent habitual offenders—plainly means that the statute applies to murderers as well as criminals who commit other less serious felonies. "[T]he court must choose among three alternatives in determining the minimum period of imprisonment—one being 'any period prescribed by Section 190 . . . .' Therefore, when the qualifying felony conviction is murder, the minimum period of required imprisonment under section 667.7 must be determined *with reference to the term of imprisonment that a murderer otherwise would be required to serve if* he or she were sentenced under section 190 (provided section 667.7's threshold of a 20-year minimum term is met)." (*People* v. *Jenkins, supra,* 10 Cal.4th at pp. 243-244, italics added.) Under the three strikes law, a second striker's "determinate term or minimum term for an indeterminate term shall be twice *the term otherwise provided as punishment for the current felony conviction.*" (§ 667, subd. (e)(1), italics added.) Ervin's punishment for the current felony conviction is found in section 667.61, subdivision (b). Following the reasoning of *Jenkins,* therefore, we use both statutes to determine Ervin's sentence, not just one as suggested by Ervin. (*People* v. *Ruiz* (1996) 44 Cal.App.4th 1653, 1658-1661 [52 Cal.Rptr.2d 561].)

For these reasons, Ervin's sentence cannot stand. Although we could certainly modify it ourselves if there was any certainty about the priors, this record does not permit that shortcut. As noted at the outset, remand is necessary so that the trial court can exercise its discretion and decide whether to strike any of Ervin's priors. By way of illustration only (and without expressing a view about the manner in which the trial court ought to exercise its discretion), we note that, assuming one qualifying prior (the 1982 attempted robbery) and one prior prison term (the 1993 crimes), the maximum sentence the trial court could impose would be an indeterminate term of 15 years to life (§ 667.61, subd. (b)), with the 15-year minimum doubled (§§ 1170.12, subd. (c)(1); 667, subd. (e)(1)), plus five years for the prior (§ 667, subd. (a)), plus one year for the prior prison term (§ 677.5, subd. (b)), and with a concurrent four-year term for the burglary, for a total term of 36 years to life.

### DISPOSITION

The judgment is affirmed but Ervin's sentence is vacated and the matter is remanded to the trial court for resentencing.

Ortega, Acting P. J., and Masterson, J., concurred.

A petition for a rehearing was denied November 12, 1996, and the petition of appellant Christopher Lepte Ervin for review by the Supreme Court was denied February 5, 1997.