95 Cal.Rptr.2d 614 (2000)
80 Cal.App.4th 714
The PEOPLE, Plaintiff and Respondent,
v.
Greg ACOSTA, Defendant and Appellant.
No. B132967.
Court of Appeal, Second District, Division One.
May 5, 2000.
Review Granted August 23, 2000.
*615 David H. Goodwin, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Michael C. Keller and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
ORTEGA, Acting P.J.
Greg Acosta appeals from the judgment entered following his jury conviction of forcible oral copulation of 15-year-old Cynthia P. and true findings by the court of prior convictions of rape and rape in concert. (Pen.Code, §§ 288a, subd. (c)(2), 261, subd. (a)(2), 264.1, 667.5, subd. (b), 667, subd. (a)-(i), 667.61, subds. (a), (d), 1170.12, subds. (a)-(d).)
Defendant was sentenced to a prison term of 25 years to life pursuant to Penal Code section 667.61 subdivision (a), which was tripled to 75 years to life pursuant to the three strikes law, plus 10 years on the two section 667, subdivision (a)(1) enhancements. The court imposed and stayed the sentences for the two 1-year section 667.5, subdivision (b) enhancements.
Defendant claims the trial court erred in (I) admitting evidence of defendant's prior, uncharged forcible oral copulation of Maria R., and (II) tripling the sentence imposed, and imposing sentence enhancements for his prior convictions.
In the published portion of this opinion, we hold that defendant should have been sentenced to a prison term of 25 years to life pursuant to Penal Code section 667.61, subdivision (a), doubled to 50 years to life pursuant to the three strikes law. We also hold that only a single 5-year enhancement (Pen.Code, § 667, subdivision (a)(1)) should have been imposed.
In the unpublished portion of this opinion, we hold the trial court did not err in admitting evidence of an uncharged prior sexual assault.

BACKGROUND
Having just terminated her pregnancy at an abortion clinic, Cynthia waited for her ride. Defendant, a stranger, approached her and began a conversation. In response to his questions, she told him her name, where she lived, and her age. About 15 minutes later, Cynthia left with defendant and his three friends, two males and one female, to get something to eat. After the meal, defendant drove Cynthia home. They exchanged pager numbers.
Later the same day defendant asked if he could come to her home. Cynthia consented. Around 11:30 p.m., defendant called from a bar. Cynthia told him he *616 could not visit then because it was too late and a school night. Defendant said he would only stay 10 minutes, and Cynthia relented.
When defendant arrived in front of the house next door, Cynthia got in his car. Defendant said he was 27 years old and sold drugs. After a few minutes, defendant tried to kiss her. Cynthia pushed him away, saying she did not want to kiss him, but he persisted, pulling her toward him. Upset, she left the car. She returned when defendant said he would not try to kiss her.
About five minutes later, defendant pulled down her blouse. When she pulled up the blouse, he pulled it down again. She opened the door and tried to leave, but defendant grabbed her and pulled her back into the car, shutting the door. The door frame hit Cynthia's right eye. Defendant put his arm around her neck and held her against the seat. He leaned over her and reclined her seat. She was frightened. In a loud, harsh voice, he told her to take off her blouse. She complied. Defendant removed her bra. He was on top of her, caressing and licking her breasts. He rubbed her vagina through her pants. She told him to stop. He began to unbutton her pants. She told him she had had an abortion that day. He stopped, and told her "to go down on him" or he would go into her pants. As she resisted, he forced her to orally copulate him, repeatedly telling her to "suck it." Cynthia opened the car door and vomited, while defendant held her by the waist. He released her and she ran. Defendant said, "`This was a mistake,'" and left.

DISCUSSION

I[**]

II
We shall here deal with the "one strike law" (Pen.Code, § 667.61)[2] and the "three strikes law" (§ 667, subds. (b)-(i)). As explained in more detail below, the one strike law provides for enhanced penalties of 15 years to life or 25 years to life for certain sexual offenses where additional circumstances are present. One of those circumstances is a prior sex crime conviction. As relevant here, if a defendant commits a certain sexual crime and has a prior conviction for a specified sexual crime, he receives 25 years to life under the one strike law. Under the three strikes law, generally, a second strike calls for a doubled sentence and a third strike can result in a tripled sentence under certain circumstances.
The trial court sentenced defendant to a one strike law term of 25 years to life and, pursuant to the three strikes law, tripled the sentence to 75 years to life. The court also imposed 10 years for the two section 667, subdivision (a)(1) enhancements, and imposed and stayed the two 1-year section 667.5, subdivision (b) enhancements.
Defendant claims the court erred in tripling the sentence and in imposing both five-year enhancements. He argues, only a single 25-year-to-life sentence should have been imposed. His argument necessarily presumes the one strike law trumps the three strikes law and becomes the exclusive penalty. We conclude the two schemes operate jointly. One of defendant's prior convictions brought him within the one strike law and could not additionally be used under the three strikes law. The remaining prior conviction operated to make the current conviction a second strike. Having first imposed a minimum one strike term of 25 years to life, the trial court should then have doubled, not tripled, defendant's term under the three strikes law. The court should have imposed one, but not both, 5-year enhancements. The court correctly stayed the two 1-year enhancements.
*617 "About six months after the Legislature enacted the three strikes law as urgency legislation [citation], it adopted section 667.61 (Stats.1994, ch. 447, § 1), the `one strike law.' [Citation.]" (People v. Ervin (1996) 50 Cal.App.4th 259, 264, 57 Cal. Rptr.2d 728, fn. omitted, disapproved on other grounds in People v. Fuhrman (1997) 16 Cal.4th 930, 947, fn. 11, 67 Cal. Rptr.2d 1, 941 P.2d 1189.) Section 667.61, subdivision (a) provides in relevant part: "A person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) ... shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 25 years...."
The offenses listed in subdivision (c) include forcible oral copulation (§ 288a, subd. (c)), the offense of which defendant currently was convicted. (§ 667.61, subd. (c)(6).) He does not contend his 25-year to life sentence under the one strike law was improper.
Defendant also was previously convicted of violating sections 261, subdivision (a)(2) and 264.1, offenses listed in section 667.61, subdivisions (c)(1) and (c)(3). His two prior convictions bring defendant within the provisions of section 667.61, subdivision (d) which provides for a 25-year to life sentence.[3]
Section 667.61, subdivision (f) provides, as relevant: "If only the minimum number of circumstances specified in subdivision (d) ... which are required for the punishment provided in subdivision (a) ... to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a) ... rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty. However, if any additional circumstance or circumstances specified in subdivision (d) ... have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law." (Italics added.)
Subdivision (g) provides, as relevant: "The term specified in subdivision (a) ... shall be imposed on the defendant once for any offense or offenses committed against a single victim during a single occasion...." (Italics added.)
Defendant emphasizes the language of section 667.61, subdivisions (f) and (g) to argue that "[a] particular aggravating circumstance may be used only once, and a defendant who commits qualifying sex offenses against a single victim on a single occasion shall receive only a single sentence of 25 years to life...." (Italics added.) Respondent does not directly answer this argument, but instead essentially relies on People v. Ervin, supra, 50 Cal. App.4th 259, 57 Cal.Rptr.2d 728.
Ervin provides guidance for us, but not the entire answer, largely because Ervin did not address subdivisions (f) and (g) of section 667.61. In Ervin, we addressed cross-appeals. Ervin had been convicted of burglary and forcible rape, with a finding that the rape was committed during a residential burglary. (§ 667.61, subd. (b).) The trial court sentenced him to state prison for a term of 15 years to life for the rape, plus 5 consecutive years for a prior attempted robbery conviction in 1982, with a 4-year concurrent sentence for the burglary count.
Defendant Ervin contended the maximum sentence the court should have imposed was a determinate 16-year sentence under the three strikes law, not an indeterminate life sentence with a 15-year minimum term under section 667.61, subdivision *618 (b). The People also appealed, contending Ervin should have been sentenced for the rape under both the three strikes law and section 667.61, subdivision (b), to a term of 30 years to life. We agreed with the People, stating "there is no apparent reason in law or logic to believe the Legislature intended either law to operate exclusively of the other." (People v. Ervin, supra, 50 Cal.App.4th at p. 264, 57 Cal. Rptr.2d 728.) We concluded Ervin was to be sentenced under both statutes: to a term of 15 years to life under section 667.61, subdivision (b), and his sentence had to be doubled under the three strikes law. We resolved Ervin's sentence could not stand and that we were not in a position to correct it because, among other things, the trial court had not indicated one way or the other whether it would have exercised its discretion to strike the 1982 prior under circumstances permitted by People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628. Thus, we remanded the matter so the trial court could exercise its discretion and decide whether to strike any of Ervin's priors. (People v. Ervin, supra, 50 Cal.App.4th at pp. 262-263, fn. 4, 266, 57 Cal.Rptr.2d 728.)
As in Ervin, we conclude here that, by a different statutory path, the defendant also should have received a doubled sentence. In so doing, we follow our Ervin observation that there is no apparent reason to believe the one strike law and the three strikes law were intended to operate exclusively of each other. "[W]e do not find any ambiguity in section 667.61 or in any part of the three strikes law, and where, as here, two statutes are not inconsistent, both will be given effect. [Citation.]" (People v. Ervin, supra, 50 Cal.App.4th at p. 264, 57 Cal.Rptr.2d 728.)
Defendant's argument assumes his two prior sex offense convictions merge into a single "circumstance" under section 667.61, subdivision (d)(1)that he "has been previously convicted of an offense specified in subdivision (c)...." Nothing in section 667.61, however, compels the conclusion that one of these prior convictions simply vanishes for all sentencing purposes. Defendant has twice previously been convicted of a subdivision (c) offense. The first sentences in subdivision (f) and subdivision (g), set out above, provide that, under section 667.61, one of defendant's prior convictions must be used exclusively to bring him within the 25-year-to-life sentence provided in subdivision (a). The second sentence of subdivision (f), however, provides that in contrast to the use of a single "circumstance," "if any additional circumstance or circumstances specified in subdivision (d) ... have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law. ..." (Italics added.) This language tells us section 667.61 was not to be exclusive of other laws, including the three strikes law. The same language tells us defendant's second prior conviction is an "additional circumstance," the presence of which calls for imposition of any punishment or enhancement authorized under any other law, including the three strikes law.[4]
The Legislature's choice of wording in subdivision (d)(1) is itself a clear guidepost. Subdivision (d)(1) twice refers to prior conviction of "an offense"in the singular. Defendant has two prior offenses within the statutory meaning. Had the Legislature *619 intended that multiple priors be counted as one "offense"and therefore constitute one "circumstance"it could have written subdivision (d)(1) to specify that "one or more" priors constituted a single "offense," or a single "circumstance." The drafters did so, for example, in subdivision (a) of the same section. Since the Legislature chose, however, to refer only to a single "offense," and did not otherwise indicate an intent that multiple prior offenses were to count as only a single offense or circumstance, we conclude it meant that each prior was to be a single offense for purposes of subdivision (d)(1).
A more restrictive reading of subdivision (d) would ignore the language of section 667.61 and would result in the incongruity defendant seeksa lesser sentence than he would have received under the three strikes law. Moreover, reading section 667.61 as defendant urges would utterly fail to punish recidivist violent sex offenders such as defendant, an unlikely consequence of the legislative intent to more severely punish just such offenders reflected in section 667.61.
At the same time, we reject respondent's defense of the tripling of defendant's sentence to 75 years to life. Section 667.61 limits the use of subdivision (d) "circumstances." The subdivision (f) language prescribing use of the minimum number of subdivision (d) circumstances to impose subdivision (a) punishment, combined with the subdivision (g) limitation of imposing a single subdivision (a) term for any offense or offenses committed against a single victim during a single occasion, limits the use of one of defendant's prior convictions under section 667.61 to imposition of one 25-year-to-life term. To hold section 667.61 and the three strikes law operate fully cumulatively ignores the limiting language of the later-enacted section 667.61. We will not treat statutory language so as to render it surplusage. (People v. Loeun (1997) 17 Cal.4th 1, 8, 69 Cal.Rptr.2d 776, 947 P.2d 1313.) By doubling defendant's sentence pursuant to the three strikes law, we obey the limiting language of section 667.61 and honor, within those limits, the three strikes proviso that "it is to be applied `in addition to any other enhancement or punishment provisions which may apply' and that, `[n]otwithstanding any other law, [its provisions] shall be applied in every case in which a defendant has a prior [serious or violent] felony conviction.' [Citation.]" (People v. Ervin, supra, 50 Cal.App.4th at p. 265, 57 Cal.Rptr.2d 728; People v. Vega (1995) 33 Cal.App.4th 706, 709-710, 39 Cal.Rptr.2d 479.) This approach harmonizes section 667.61, which applies to certain first time and recidivist sex offenders, and the three strikes law. It also complies with the interpretive precepts that we do not presume a legislative intent to effect a repeal or partial statutory repeal absent an express declaration, and that when passing a statute the Legislature is aware of existing related laws and intends to maintain a consistent body of rules. (Fuentes v. Workers' Comp. Appeals Bd. (1976) 16 Cal.3d 1, 6-7, 128 Cal.Rptr. 673, 547 P.2d 449.)
Defendant should have been sentenced to 25 years to life under section 667.61, subdivision (a) and, because he has the "additional circumstance" of the second of his prior violent felonies (§ 667.5, subd. (c)(3), (19)), the minimum term for his indeterminate term should have been doubled. (§ 667, subd. (e)(1).)
Defendant also analogizes to People v. Jones (1993) 5 Cal.4th 1142, 22 Cal.Rptr.2d 753, 857 P.2d 1163 and People v. Flournoy (1994) 26 Cal.App.4th 1695, 32 Cal.Rptr.2d 188, to support his claim that he should have been sentenced only once, under section 667.61. He mentions specifically the 1-year enhancements under section 667.5, subdivision (b). However, section 667.5. subdivision (b) does not affect our analysis. The trial court treated the section 667, subdivision (a) and 667.5, subdivision (b) enhancements just as Jones prescribed: it imposed the 5-year and stayed the 1-year *620 enhancements. To the extent defendant is also saying he can be sentenced only under section 667.61, subdivision (a), we already have rejected that argument, and no additional punishment was imposed via section 667.5, subdivision (b).
In sum, defendant should have been sentenced to a term of 25 years to life under section 667.61, subdivision (a) and that term should have been doubled under section 667, subdivision (e)(1). One of his two priors brings him within section 667.61, the other serves as a qualifying strike, and his current offense qualifies as the second strike. The limiting language of section 667.61, subdivision (f) consumes one of his two subdivision (d) circumstances (his two prior convictions) in calculation of the minimum term. The other prior conviction remains, however, "to impose any punishment or enhancement authorized under any other law." (§ 667.61, subd. (f).) Thus, defendant's second prior conviction remains available for the 5-year enhancement under section 667, subdivision (a)(1):[5]

DISPOSITION
The judgment is modified to provide for a single prison term of 25 years to life under Penal Code section 667.61, subdivision (a), doubled to 50 years to life as a second strike under section 667, subdivision (e)(1). One of the two section 667, subdivision (a)(1) five-year enhancements is stricken. The matter is remanded to the trial court for a new abstract of judgment to be issued with a copy sent to the Department of Corrections. In all other respects, the judgment is affirmed.
MIRIAM A. VOGEL, J., and MASTERSON, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.
[**] See footnote *, ante.
[2] Additional undesignated statutory references in part II are to the Penal Code.
[3] Section 667.61, subdivision (d) provides, as pertinent: "The following circumstances shall apply to the offenses specified in subdivision (c): [¶] (1) The defendant has been previously convicted of an offense specified in subdivision (c)...."
[4] As defendant acknowledges, People v. Jefferson (1999) 21 Cal.4th 86, 86 Cal.Rptr.2d 893, 980 P.2d 441, holds that the minimum term of an indeterminate sentence must be doubled for a second striker under section 667, subdivision (e)(1). As did Jefferson, and as we concluded in Ervin and hold here, in People v. Cornelius (2000) 79 Cal.App.4th 771, 94 Cal. Rptr.2d 326, our colleagues in the Fourth Appellate District recently held that section 667.61 and the three strikes law operate cumulatively and not, as defendant contends, exclusively.
[5] "[I]n addition to any other enhancement or punishment provisions which may apply ... [¶] ... the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." (§ 667, subd. (e)(1), italics added; see also § 1170.12, subd. (c)(1).)