96 Cal.Rptr.2d 260 (2000)
80 Cal.App.4th 1336
The PEOPLE, Plaintiff and Respondent,
v.
Peter Dale GRAVES, Defendant and Appellant.
No. C029964.
Court of Appeal, Third District.
May 24, 2000.
Review Granted August 23, 2000.
Handy Horiye, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Senior Assistant Attorney General, Carlos A. Martinez, Supervising Deputy Attorney General, Laura Wetzel Simpton, Deputy Attorney General, for Defendant and Respondent.
Certified for Partial Publication.
BLEASE, J.
A jury convicted defendant Peter Dale Graves of a number of sexual offenses *261 involving a child, including, in count one, a violation of Penal Code section 288, subdivision (a).[1] He was sentenced to state prison for an aggregate term of 70 years 4 months to life.
The sentence for count one was enhanced to 25 years to life, pursuant to section 667.61, subdivisions (a) and (d)(1), by reason of a prior conviction of section 288, subdivision (a). The sentence was enhanced againdoubled to 50 years to lifeunder the second strike provisions of section 667, subdivision (e)(1), by reason of the same prior conviction.
In the published portion of the opinion we conclude the cumulative application of the section 667 enhancement violates the explicit provisions of subdivision (f) of section 667.61.[2] It provides the penalty imposed under section 667.61 is in lieu of "the punishment authorized under any other law, unless another law provides for a greater penalty." Section 667, subdivision (e)(1), is such another law, but it does not provide a greater penalty.[3]
Accordingly, we shall strike the double punishment imposed under section 667 for count one, thereby reducing defendant's sentence to 45 years 4 months to life. In all other respects we shall affirm the judgment.

FACTS AND SENTENCING[*]

DISCUSSION

I-III[*]

IV
Defendant contends the sentence imposed on count one pursuant to the "one-strike" scheme of section 667.61 precludes the doubling of his sentence on that count pursuant to the "two strikes" scheme of the Three Strikes law. (§ 667, subds. (b)-(i)).
The contention was rejected by Division One of the Second District in People v. Ervin (1996) 50 Cal.App.4th 259, 57 Cal. Rptr.2d 728, overruled on other grounds in People v. Fuhrman (1997) 16 Cal.4th 930, 947, footnote 11, 67 Cal.Rptr.2d 1, 941 P.2d 1189. Ervin held the "one strike" scheme of section 667.61 is cumulative, not alternative, to the Three Strikes law and, therefore, a defendant may be sentenced under both. (Ervin, supra, at p. 266, 57 Cal. Rptr.2d 728.)[7] We disagree with Ervin because the explicit provisions of section 667.61, subdivision (f), which it did not consider, provide otherwise.
Section 667, subdivision (e)(1), provides that if a defendant, convicted of a felony, has one prior serious felony conviction, "the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."
Section 667.61, enacted subsequent to section 667, provides, in pertinent part, that a person "convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d)" shall be punished by life imprisonment without release on parole for 25 years. (§ 667.61, subd. (a).)
As applicable to this case, the present conviction of section 288, subdivision (a), is *262 within subdivision (c)(7) of section 667.61,[8] and a prior conviction of that offense is a "circumstance[ ]" covered under subdivision (d)(1) of section 667.61. Since a violation of section 288, subdivision (a), is a serious felony under section 667 (§§ 667, subd. (d)(1), 1192.7, subd. (c)(6)), every case of this type comes within the recidivist provisions of both sections 667.61 and 667.
Ervin reasons that under section 667, subdivision (e)(1), the 25 year punishment provided by section 667.61, subdivision (a), is the term "otherwise provided as punishment for the current felony conviction" and accordingly must be doubled. It says there "is no apparent reason in law or logic to believe the Legislature intended either law to operate exclusive of the other." (50 Cal.App.4th at p. 264, 57 Cal.Rptr.2d 728.)
Ervin goes wrong on both counts. The anomaly thus conceived is that the punishment for every violation of section 667.61, subdivision (a), which turns on a prior conviction for a serious offense consisting of the same offense for which punishment is presently imposed, is not 25 years to life, as provided therein, but twice that term, 50 years to life under section 667, subdivision (e)(1). This would be, to say the least, a curious way of legislating in which the term uniquely specified for the recidivism is automatically doubled.
But that is not what the Legislature did. It precluded that result in subdivision (f) of section 667.61, a provision not considered by Ervin[9]
Subdivision (f) provides, in pertinent part:
"If only the minimum number of circumstances specified in subdivision (d) ... which are required for the punishment provided in subdivision (a) ... to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a) ... rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty." [10] (Italics added.)
Subdivision (f) plainly says that the circumstances which give rise to punishment under section 667.61 "shall be used as the basis for imposing [punishment] ... rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty," *263 i.e., shall be used in lieu of the lesser punishment provided under any other law.
The defendant's prior conviction of section 288, subdivision (a) is within subdivision (f) because it counts as a single (prior) "circumstance[ ]" specified in subdivision (d)(1) and hence constitutes the "minimum number" of prior offenses required to invoke the penalty provisions of subdivision (a). In such a case subdivision (f) directs that this "circumstance," i.e., the prior serious felony, shall be used as the basis of punishment under section 667.61, subdivision (a), "rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty."
Since what is being compared is the punishment imposed under section 667.61 with "the punishment authorized under any other law" for the same circumstance, the italicized phrase manifestly refers to any law other than section 667.61. This comparison of punishments would make no sense if the punishments were cumulative.
This is in keeping with the manifest purpose of section 667.61 to provide a greater penalty than otherwise would be imposed under another sentencing scheme, here section 667. The penalty in fact is vastly greater under section 667.61. Under section 667, subdivision (e)(1), the penalty for violation of section 288, subdivision (a), with a prior conviction for that offense, would be a maximum of 8 years, doubled to 16 years. Under section 667.61, subdivision (a) the penalty goes to life imprisonment without release for 25 years.
Subdivision (f) of section 667.61 provides express statutory recognition of the rule that a special statute prevails over a general one. "`"It is well settled ... that a general provision is controlled by one that is special, the latter being treated as an exception to the former."'" (Miller v. Superior Court (1999) 21 Cal.4th 883, 895, 89 Cal.Rptr.2d 834, 986 P.2d 170 relying on San Francisco Taxpayers Assn. v. Board of Supervisors (1992) 2 Cal.4th 571, 577, 7 Cal.Rptr.2d 245, 828 P.2d 147; see also People v. Coronado (1995) 12 Cal.4th 145, 153-155, 48 Cal.Rptr.2d 77, 906 P.2d 1232; People v. Jenkins (1980) 28 Cal.3d 494, 502, 170 Cal.Rptr. 1, 620 P.2d 587; People v. Watson (1981) 30 Cal.3d 290, 295, 179 Cal.Rptr. 43, 637 P.2d 279.) The applicable test is whether "it appears from the entire context that a violation of the 'special' statute will necessarily or commonly result in a violation of the `general' statute...." (People v. Jenkins, supra, at p. 502, 170 Cal.Rptr. 1, 620 P.2d 587, see also People v. Coronado, supra, at pp. 153-154, 48 Cal.Rptr.2d 77, 906 P.2d 1232.)
The "special over the general" rule has been applied in the context of enhancements. (See In re Shull (1944) 23 Cal.2d 745, 146 P.2d 417; see also People v. Coronado, supra, at pp. 153-154, 48 Cal. Rptr.2d 77, 906 P.2d 1232.) In Shull the defendant was convicted of the offense of assault with a deadly weapon (ADW), the weapon being a pistol. (§ 245.) Under the deadly weapons act (§ 12022) an enhanced penalty is imposed consecutive to the penalty for commission of a crime while "armed with" a pistol. The court reasoned that ADW is an assault committed with the addition of the weapons provision, therefore it was the intent of the Legislature that that be the punishment where an assault is committed with a deadly weapon. (23 Cal.2d at pp. 750-751, 146 P.2d 417.) Shull limited application of the enhancement under the deadly weapons act to those felonies that did not turn on the possession of a deadly weapon. (Id. at p. 749, 146 P.2d 417.)
In this case the "special over the general" rule applies. As noted, the test is whether "the `special' statute will necessarily or commonly result in a violation of the `general' statute...." That is the case here. Every violation, of the kind here, which gives rise to application of the one strike provision of section 667.61 by reason of a prior conviction for a serious felony will necessarily give rise to the application *264 of the second strike provision of section 667, subdivision (e)(1).
It is apparent the Legislature intended to increase the punishment for the circumstances assayed in section 667.61, subdivisions (a) and (d)(1) by substantially increasing (more than tripling) the punishment otherwise imposed under section 667. The sections are not cumulative.
For these reasons we will strike the double punishment imposed under section 667. That results in an aggregate punishment of 45 years 4 months to life.

V[**]

DISPOSITION
The doubling of the punishment for count one, imposed under section 667.61 by reason of section 667, subdivision (e)(1), is reversed. The judgment is modified to impose a term of 25 years to life for count one. As modified, the judgment is affirmed. The trial court is directed to amend the abstract of judgment accordingly and to forward a certified copy of the amended abstract to the Department of Corrections.
SCOTLAND, P.J., concurs.
CALLAHAN, J.
I concur in parts I, II, III, and V of the majority opinion. I respectfully dissent from the conclusion reached by the majority in part IV.
The majority finds merit in the defendant's contention that his count one sentence pursuant to the "one strike" scheme (Pen.Code, § 667.61) precludes the doubling of any of his sentences pursuant to the "two strikes" scheme of the three strikes law (Pen.Code, § 667, subds. (b)(i)).
This contention was rejected in People v. Ervin (1996) 50 Cal.App.4th 259, 57 Cal. Rptr.2d 728. The majority disagrees with Ervin. I conclude that Ervin was properly decided.
I would affirm the judgment in its entirety.
NOTES
[1] A further reference to a section is to the Penal Code.
[2] The Reporter of Decisions is directed to publish the opinion except for the Facts and Parts I, II, III, and V of the Discussion.
[3] Without a prior conviction, the maximum penalty for a violation of section 288, subdivision (a), is eight years. Under section 667, that sentence would be doubled to 16 years absent section 667.61.
[*] See footnote 2, ante.
[7] The California Supreme Court is currently considering this issue in People v. Murphy (1998) 67 Cal.App.4th 1205, 79 Cal.Rptr.2d 699 [82 Cal.Rptr.2d 815, 972 P.2d 150], review granted Feb. 24. 1999, S075263.
[8] Subdivision (c)(7) excepts violations of section 288, subdivision (a), where the defendant qualifies for probation under section 1203.066, but that is not the case here.
[9] We do not consider the application of subdivision (f) to the fact situation at issue in Ervin.
[10] Section 667.61 provides:

"(a) A person who is convicted of an offense specified in subdivision (c) under one ... of the circumstances specified in subdivision (d) ... shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 25 years....
"...........................................
"(c) This section shall apply to any of the following offenses: ... [¶] (7) A violation of subdivision (a) of Section 288, unless the defendant qualifies for probation under subdivision (c) of Section 1203.066.
"(d) The following circumstances shall apply to the offenses specified in subdivision (c): [¶] (1) The defendant has been previously convicted of an offense specified in subdivision (c)....
"................................................
"(f) If only the minimum number of circumstances specified in subdivision (d) ... which are required for the punishment provided in subdivision (a) ... to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a) ... rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty. However, if any additional circumstance or circumstances specified in subdivision (d) or (e) have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law. Notwithstanding any other law, the court shall not strike any of the circumstances specified in subdivision (d) or (e)."
[**] See footnote 2, ante.