98 Cal.Rptr.2d 366 (2000)
82 Cal.App.4th 503
The PEOPLE, Plaintiff and Respondent,
v.
Steven Robert DIAZ, Defendant and Appellant.
No. C025890.
Court of Appeal, Third District.
July 21, 2000.
Review Granted November 1, 2000.
*367 Joseph C. Shipp, Sebastapol, under appointment by the Court of Appeal, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Senior Assistant Attorney General, W. Scott Thorpe, Supervising Deputy Attorney General, Clayton S. Tanaka, Deputy Attorney General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
RAYE, J.
During the jury trial of Steven Robert Diaz, who is mentally retarded, the trial court admitted evidence that he sexually assaulted a young woman 12 years earlier. That same year he had been adjudged incompetent to stand trial and was committed to a state mental hospital. Defendant raises the now familiar litany of constitutional challenges to the admissibility of uncharged prior sexual offenses. (Evid. Code, § 1108.) We have previously resolved the constitutional issues against him. (People v. Fitch (1997) 55 Cal. App.4th 172, 63 Cal.Rptr.2d 753.) Because the Legislature has enunciated a strong public policy favoring admission of prior sexual offenses, we conclude the trial court did not abuse its discretion by admitting the evidence. The Attorney General concedes the convictions for kidnapping and false imprisonment must be reversed because they are necessarily included within the greater offense of aggravated kidnapping. We reject defendant's remaining claims of error including his claim, discussed in the published portion of this opinion, that the "three strikes" law and the "one strike" provisions of Penal Code section 667.61 cannot be applied cumulatively. In all other respects, the judgment is affirmed.

FACTS

I. The Charged Offenses: Hattie A.[**]

II. The Charged Offenses: Anita V.
Defendant was also charged with three counts against Anita V.: forcible rape (Penal Code, § 261, subd. (a)(2); further statutory references are to the Penal Code unless otherwise designated), kidnap with intent to commit rape (§ 208, former subd. (d)), kidnapping (§ 207, subd. (a)), and false imprisonment (§ 236). The jury found defendant guilty of these crimes. The jury also found true special allegations that defendant kidnapped the victim within the meaning of sections 667.61, subdivisions (e)(1) and (h), and 667.8. In addition, defendant admitted allegations that he had a prior conviction within the meaning of section 667, subdivision (a), and section 667, subdivisions (b)-(i), and had two prior prision terms within the meaning of section 667.5, subdivision (b). Defendant was sentenced to state prison for 30 years to life plus seven years.
Anita V. testified she was parked in her car on Stockton Boulevard at 4:30 a.m. on February 10, 1996, when defendant approached her car carrying a black Chow puppy. The location is a stroll area for prostitutes. Anita had her head down on the steering wheel and was crying. She had many unopened condoms in her purse.
After inquiring whether she was all right, defendant asked Anita for a ride to 10th Street. Defendant gave her various directions, telling her to stop at a house, leave, and then to keep driving. Ultimately, he told her to stop in front of a house where he became very aggressive. He forcibly kissed her, tried to thrust his tongue down her throat, put his hand up her bra, and tried to kiss her breasts. She *368 resisted. He then got out of the car, pulled Anita out by her hair, and forced her into a shed behind a residence. The shed was approximately 12 feet from the parked car.
Defendant threatened to have his friends come out of the house and beat her up if she cried out for help. He put a sheet down, ordered her to take off her clothes, and then raped her. He was arrested later that morning with the Chow puppy. Anita identified defendant as the assailant in a field identification that morning, in a photographic lineup, and at trial. The police found a sheet in the shed.
Semen, consistent with defendant's blood type, was removed from Anita's cervix and vagina during a forensic examination. The examining nurse also noticed a brownish-yellow mucous outside the vaginal opening. A penile swab taken from defendant later that morning tested positive for the presence of semen.
Anita claimed she was not a prostitute and was not aware she was in a prostitute stroll area.
Defendant testified to a very different version of the same basic story. According to defendant, he approached Anita's car when he saw her with her head on the steering wheel and became concerned. She asked him to do her a favor and "sex her up" for $40. Defendant agreed but would not pay her in advance. They drove to 10th Street because Anita's aunt lived there. They began kissing in the car in front of her aunt's house but defendant became uncomfortable and asked Anita to leave. They parked in front of the house of one of his friends. Again, they began kissing in the car, but defendant did not want to have sex in the car.
They went into the shed. He put a sheet on the ground and lay down. When Anita took off her pants, defendant smelled a strong, offensive odor and, concerned he would contract a disease, decided not to have sex with her. He asked her to take him back to 10th Street. Once there, he left without paying her.

III. The Uncharged Offense[***]

DISCUSSION

I-V[***]

VI
Defendant raises what has now become a routine challenge to application of both the one strike law (§ 667.61) and the three strikes law (§ 667, subds. (b)(1)). Defendant was sentenced to 15 years to life for rape under section 667.61, which was doubled under the three strikes law to 30 years to life. While we await guidance from the Supreme Court on the cumulative application of these laws,[2] we believe that in most respects the one strike scheme of section 667.61 is cumulative to the three strikes law, and not an alternate sentencing scheme.
Our views in this regard are consistent with both People v. Ervin (1996) 50 Cal. App.4th 259, 57 Cal.Rptr.2d 728, overruled on other grounds in People v. Fuhrman (1997) 16 Cal.4th 930, 947, footnote 11, 67 Cal.Rptr.2d 1, 941 P.2d 1189, and this court's recent pronouncement in People v. Graves (2000) 80 Cal.App.4th 1336, 96 Cal. Rptr.2d 260.
In Ervin, the defendant was convicted of a violent rape during a burglary. Pursuant to the same habitual sexual offender statute (§ 667.61, subd. (b)), the court was compelled to sentence him to a term of 15 years to life and doubled the term under the two strikes scheme of the three strikes law. (§ 667, subds.(b)-(i).) The court sanctioned the use of both sentencing laws. "[T]he three strikes law and section 667.61 serve different objectives the former punishes recidivism, the latter *369 aggravated sex offensesand there is simply no reason for suggesting that a recidivist criminal ought to be rewarded rather than penalized because his latest offense is sufficiently heinous to bring him within the provisions of section 667.61." (People v. Ervin, supra, 50 Cal.App.4th at p. 264, 57 Cal.Rptr.2d 728.)
The three strikes law applies to defendants with a prior felony conviction "in addition to any other enhancement or punishment provisions which may apply...." (Pen.Code, § 667, subd. (e), italics added.) The habitual sexual offender statute enumerates several statutory provisions pursuant to which a court may sentence a defendant "in lieu" of the section 667.61 sentencing provisions. However, the three strikes law is not among these "in lieu of provisions. (Pen.Code, § 667.71, subd. (c).) As explained in Ervin, "[T]here is no apparent reason in law or logic to believe the Legislature intended either law to operate exclusively of the other.... [W]here, as here, two statutes are not inconsistent, both will be given effect." (People v. Ervin, supra, 50 Cal. App.4th at p. 264, 57 Cal.Rptr.2d 728.)
In Graves, we disagreed with Ervin insofar as it permits the accumulation of punishment under circumstances falling within the restrictions imposed by section 667.61, subdivision (f). (People v. Graves, supra, 80 Cal.App.4th at pp. 1339-1341, 96 Cal.Rptr.2d 260.) The circumstances of the present case are materially different from those considered in Graves; the restrictions of subdivision (f) do not apply. To understand why requires a further explication of section 667.61.
Section 667.61 provides for enhanced punishment of certain enumerated offenses upon proof of specified circumstances. The qualifying offenses are enumerated in subdivision (c). The qualifying circumstances are set forth in subdivisions (d) and (e). Defendant was convicted of a qualifying offense, rape. (§ 667.61, subd. (c)(1).) A qualifying circumstance, kidnapping, was also pled and proved. (§ 667.61, subd. (e)(1).)
Under subdivision (a) of section 667.61, imprisonment for life with a minimum parole eligibility of 25 years is imposed if the defendant is convicted under any of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e). Under subdivision (b), applicable to defendant, a lesser sentence of life with parole eligibility after 15 years is imposed if only one of the circumstances specified in subdivision (e) applies.
Circumstances alleged and proved under subdivisions (d) and (e) could conceivably serve as the basis for additional punishment under other statutes. Subdivision (f) appears to prohibit this dual use. It provides that if only the minimum number of circumstances required to invoke subdivisions (a) or (b) are pled and proved, they must be used to impose the terms provided under subdivisions (a) or (b) "rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty." (§ 667.61, subd. (f).) If, however, additional circumstances are alleged and proved (i.e., more than the minimum number required to invoke subdivisions (a) or (b)), the additional circumstance(s) "shall be used to impose any punishment or enhancement authorized under any other law." (Ibid.)
In People v. Graves, the People relied on a single circumstance under section 667.61, subdivision (d)(1): a prior conviction of Penal Code section 288, subdivision (a). (Graves, supra, 80 Cal.App.4th at p. 1341, 96 Cal.Rptr.2d 260.) This single circumstance also constituted the strike charged by the People under the three strikes law. We concluded subdivision (f) confines use of this single circumstance to the term provided under section 667.61 "rather than being used to impose the punishment authorized under any other law," including the three strikes law. (Ibid.)
*370 The present case, however, is different. The circumstance used to invoke section 667.61 is kidnapping under subdivision (e)(1). Thus, unlike People v. Graves, the circumstance that brings our case within section 667.61  a kidnapping contemporaneous with the charged rape  is not the charged strike. There is no dual use of the same offense. Defendant's prior strike is not a factor in the 667.61 calculus. The holding of People v. Graves simply does not apply here.
None of defendant's remaining contentions has merit. In People v. Rayford, supra, 9 Cal.4th 1, 36 Cal.Rptr.2d 317, 884 P.2d 1369, the Supreme Court, in dicta, used the verb "is enhanced" without characterizing the one strike term as a technical "enhancement." The punishment for the "current felony conviction" under the second strike doubling provision of the three strikes law is the term provided under the one strike law since the statute provides the punishment "shall be twice the term otherwise provided as punishment for the current felony conviction." (§ 667, subd. (e)(1).) We do not find those terms of either the one strike or three strikes laws challenged by defendant to be ambiguous.
Finally, the 15- and 25-year periods referred to in the one strike law provide for minimum terms, not minimum eligible parole dates. Section 667.61, subdivision (j)> expressly states: "Article 2.5 ... shall apply to reduce the minimum term of 25 years in the state prison imposed pursuant to subdivision (a) or 15 years in the state prison imposed pursuant to subdivision (b). However, in no case shall the minimum term...." The language of the statute is clear and we will not concoct a linguistic problem when none exists on the face of the statute.

DISPOSITION
The convictions for kidnapping and false imprisonment are reversed. In all other respects, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting this modification and to forward a certified copy of the amended abstract to the Department of Corrections.
CALLAHAN, J., concurs.
SCOTLAND, P.J.
I fully concur in parts I through V. As to part VI, I agree this case is distinguishable from People v. Graves (2000) 80 Cal. App.4th 1336, 96 Cal.Rptr.2d 260.
The basis for imposing the 15-year-tolife term specified by the so-called "onestrike law" for Mr. Graves's Penal Code section 288, subdivision (a) conviction was his prior serious felony conviction for violating that same section. (Pen.Code, § 667.61, subds.(b), (c)(7), (d)(1); further section references are to the Penal Code.) Because the prior conviction was the sole basis for imposing the one-strike term of 15 years to life, and because using that prior serious felony conviction under the so-called "three-strikes law" would have resulted in a sentence of 16 years (double the upper term of 8 years), subdivision (f) of section 667.61 prohibited dual use of the prior conviction to impose the one-strike sentence and then double the one-strike sentence pursuant to the three-strikes law.[1]
Here, in contrast, the limitation of section 667.61, subdivision (f) does not apply because, as Justices Raye and Callahan explain, the circumstance qualifying defendant for the one-strike term (his kidnapping of Anita V. in order to rape her) was *371 not a circumstance used as a basis for imposing punishment authorized under any other law. Consequently, the trial court properly imposed the one-strike term of 15 years to life and then correctly doubled that term in accordance with the three-strikes law based upon defendant's status as a recidivist who previously had been convicted of the serious felony of residential burglary.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and III of the Facts and parts I, II, III, IV, and V of the Discussion.
[**] See footnote *, ante.
[***] See footnote *, ante.
[2] The California Supreme Court is currently considering this issue in People v. Murphy (1998) 67 Cal.App.4th 1205, 79 Cal.Rptr.2d 699, review granted February 24, 1999, S075263.
[1] Section 667.61, subdivision (f) provides in pertinent part: "If only the minimum number of circumstances specified in subdivision (d) ... which are required for the punishment provided in subdivision ... (b) to apply [15 years to life] have been pled and proved, that circumstance ... shall be used as the basis for imposing the term provided in subdivision ... (b) rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty...." (Italics added.)