[No. D035346. Fourth Dist., Div. One. Feb. 14, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN DAVID JOHNSON, Defendant and Appellant.

**COUNSEL**

Kimberly J. Grove, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Elizabeth S. Voorhies, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HUFFMAN, J.**—Following his jury convictions of numerous counts of child molestation, forcible lewd acts upon a child, oral copulation upon a child under age 14, forcible oral copulation, sodomy of a person under 14, and forcible sodomy, and his subsequent sentence to state prison for an indeterminate term of 50 years to life and a determinate term of 78 years and four months, Steven David Johnson appealed, arguing the trial court improperly used the same prior conviction to impose a 25-year-to-life sentence under the one strike law (Pen. Code,[1] § 667.61) and also to double that term under the three strikes law (§§ 667, subds. (b)-(i), 1170.12).[2] He further asserted that for the same reason it was improper to use his prior conviction to double his term under section 667.61, it was also improper to use that prior conviction to double his determinate terms under the three strikes law, to enhance the sentence for his child molestation convictions pursuant to section 647.6, subdivision (c)(2) and to impose a five-year serious felony enhancement for section 667, subdivision (a)(1).

During our review of the matter, we requested supplemental briefing on the additional issue of whether the trial court imposed an authorized sentence by imposing a 25-year-to-life term under the one strike law for the count 2 offense and also by imposing and then staying pursuant to section 654 the same sentence for that count under the Habitual Sexual Offender Law (§ 667.71). Having considered the issues after supplemental briefing, we find that although the court properly used the same prior felony conviction it used to impose sentence for count 2 under section 667.61, to double his determinate terms under the three strikes law, to elevate four counts of child molestation to felonies, and to impose the five-year serious felony enhancement, it improperly doubled under the three strikes law the 25-year-to-life term imposed under section 667.61 in this case. Because we determine that under the circumstances of this case, section 667.61, subdivision (f) precludes the life term imposed under section 667.61 from being doubled under the three strikes law, and section 667.71 provides an alternative sentence to section 667.61, we affirm Johnson's convictions, true findings, and sentences imposed on all counts except count 2. As to that count, we remand for resentencing with directions.

---

[1]All statutory references are to the Penal Code unless otherwise specified.

[2]Section 667, subdivisions (b) through (i) sets forth the three strikes law enacted as emergency legislation on March 7, 1994 (Stats. 1994, ch. 12, § 1, pp. 71-75), while section 1170.12 contains the initiative version, Proposition 184, approved by the California voters on November 8, 1994. Because the provisions of the two statutory schemes at issue here are virtually identical, reference to one section will thus necessarily pertain to the other in this opinion.

## Factual and Procedural Background

Johnson is a serial pedophile. In 1995 he met a 13-year-old neighbor boy, and many times after that offered the boy money to kiss him and shower with him, but the child refused. In 1996 Johnson met a 16-year-old runaway, and committed sodomy upon him in exchange for a leather jacket. The runaway's mother later designated Johnson and his wife as her son's legal guardians, and over the next two years Johnson on numerous occasions gave the boy money in exchange for sexual acts.

At one point in the summer of 1996, a 12-year-old boy came to the house to visit Johnson's ward, and Johnson showed the child pornographic magazines, pulled down the child's pants, touched his genitals, and then took the child to a bedroom and sodomized and orally copulated him. Over the next year Johnson engaged in many more sexual acts with this child.

In 1998, Johnson approached a 14-year-old boy working at a nearby home and offered him money if he would allow Johnson to "play with his booty."

In April and July of 1999, in separate informations, the District Attorney of San Diego County charged Johnson with numerous sexual offenses involving these minor boys. It was also alleged that Johnson had previously been convicted of a violation of section 288, subdivision (a) (lewd acts upon a child), which prior conviction was alleged to qualify Johnson for punishment under the one strike law and the habitual sexual offender law for his count 2 forcible lewd act upon a child under the age of 14 offense (§ 288, subd. (b)(1)); to increase his punishment for four counts of child molestation (§ 647.6, subd. (a)) under section 647.6, subdivision (c)(2); and to further constitute a prison prior (§ 667.5, subd. (b)), a serious felony prior (§ 667, subd. (a)(1)), and a strike prior under the three strikes law. The informations were later consolidated for trial.

After a bifurcated jury trial, Johnson was convicted of 27 sexual offenses. In the subsequent court trial, the judge made true findings on the prison prior, serious felony conviction, and strike prior allegations as well as on the allegations under sections 647.6, subdivision (c)(2), 667.61 and 667.71.

At sentencing, the court imposed a 25-year-to-life one strike sentence for count 2, doubling it under the three strikes law; imposed a similar term for that count under the habitual offender law which it then stayed pursuant to section 654; imposed felony sentences for the child molestations in counts 1, 24, 27 and 28 pursuant to section 647.6, subdivision (c)(2), staying under section 654 the terms for counts 24 and 28; imposed and stayed under

section 654 a one-year prison prior enhancement; and imposed a consecutive five-year serious felony enhancement. Together with other terms imposed, the total determinate sentence Johnson received in addition to a 50-year-to-life indeterminate term was 78 years and four months. Johnson filed a timely notice of appeal.

DISCUSSION

I

*Interplay Between Sentencing Under the One Strike Law
and the Three Strikes Law, Section 647.6, Subdivision (c)(2),
and Section 667, Subdivision (a)(1)*

■ Based on the limiting language of subdivision (f) of section 667.61, Johnson contends it was error for the trial court to use his prior conviction of lewd conduct (§ 288, subd. (a)) to both impose a 25-year-to-life sentence under the one strike law, and to also double his sentence under the three strikes law. He further asserts that subdivision (f) of section 667.61 precludes absolutely any sentencing use of that same prior conviction once it has been used to impose a one strike sentence, including the use of such prior to also double his determinate terms under the three strikes law, to elevate the punishment for his child molestation convictions under section 647.6, subdivision (c)(2) and to impose the five-year additional term mandated by section 667, subdivision (a)(1).

After initially conceding that under the language of section 667.61, subdivision (f), the doubling of Johnson's one strike sentence under the three strikes law was improper, the People withdrew the concession in a supplemental brief, arguing the doubled punishment imposed by the interplay of the one strike and three strikes laws in this case was proper.[3] The People also asserted that even if subdivision (f) of section 667.61 does prohibit the doubling of Johnson's one strike sentence under the three strikes law based on his one prior in this case, it does not preclude the use of that prior to impose increased punishment for the remaining counts under the three strikes law, to elevate the child molestation offenses to felonies and to also impose the mandatory five-year serious felony enhancement. Because a

---

[3]This question and related issues are presently pending before our Supreme Court in several cases, including *People v. Cornelius* (2000) 79 Cal.App.4th 771 [94 Cal.Rptr.2d 326], review granted July 26, 2000, S068743; *People v. Acosta* (2000) 80 Cal.App.4th 714 [95 Cal.Rptr.2d 614], review granted August 23, 2000, S089120; *People v. Graves* (2000) 80 Cal.App.4th 1336 [96 Cal.Rptr.2d 260], review granted August 23, 2000, S089533; and *People v. Diaz* (2000) 82 Cal.App.4th 503 [98 Cal.Rptr.2d 366], review granted November 1, 2000, S091158.

close reading of the one strike and three strikes statutes reveals that the unique provisions of section 667.61, subdivision (f) control whether the two statutory sentencing schemes will apply cumulatively as to any particular qualifying count in any given case, we conclude under the facts of this case Johnson's first assertion has merit. However, we find his other arguments fail. We explain.

## A. One Strike and Three Strikes Law

As pertinent to the interaction between the one strike and three strikes laws here, section 667, subdivision (e)(1), part of the three strikes law, provides that if a defendant, convicted of a felony, has one prior serious felony conviction, "the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." The one strike law, enacted subsequent to the three strikes law, provides in relevant portion that a person "convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d)" shall be punished by life imprisonment without release on parole for 25 years. (§ 667.61, subd. (a).)

Here, Johnson's present count 2 conviction of section 288, subdivision (b)(1), is within subdivision (c)(4) of section 667.61, and his prior conviction of section 288, subdivision (a) is a "circumstance[]" covered under subdivision (d)(1) of section 667.61.[4] His present criminal conduct plus his past conviction together thus qualify him for punishment under the one strike sentencing scheme for his present count 2 conviction. Because a past violation of section 288, subdivision (a), is also a serious felony under the three strikes law (§§ 667, subd. (d)(1), 1192.7, subd. (c)(6)), such prior conviction also qualifies Johnson for possible punishment under the recidivist provisions of section 667, subdivisions (b) through (i).

Section 667.61, subdivision (f), however, provides in relevant part that: "If only the minimum number of circumstances specified in subdivision (d) . . . which are required for the punishment provided in subdivision (a) . . . to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in

---

[4]Section 667.61 provides: "(a) A person who is convicted of an offense specified in subdivision (c) under one . . . of the circumstances specified in subdivision (d) . . . shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 25 years . . . . [¶] . . . [¶] (c) This section shall apply to any of the following offenses: [¶] . . . [¶] (4) A violation of subdivision (b) of Section 288. [¶] . . . [¶] (7) A violation of subdivision (a) of Section 288, unless the defendant qualifies for probation under subdivision (c) of Section 1203.066. [¶] (d) The following circumstances shall apply to the offenses specified in subdivision (c): [¶] (1) The defendant has been previously convicted of an offense specified in subdivision (c) . . . ."

subdivision (a) . . . *rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty.* However, if any additional circumstance or circumstances specified in subdivision (d) . . . have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law." (Italics added.)

What this language essentially tells us is that the special allegations under section 667.61, subdivision (d) may only be used once in imposing the one strike sentence. Therefore, where only the minimum allegations have been pled and proved, they may only be used for the one strike sentence on that qualifying count unless they trigger a greater punishment under another law. However, where additional allegations have been pled and proved, the minimum amount of allegations are to be used to first impose the one strike punishment under section 667.61, subdivision (a) and then the left over allegations must be used to impose any other punishment or enhancements authorized under any other law for that qualifying one strike offense.

In most circumstances, this means that section 667.61 will not be exclusive, but will apply cumulatively with other laws and count specific enhancements, including the three strikes law. Only where there is but one qualifying circumstance will the limiting language of subdivision (f) of section 667.61 preclude a cumulative sentence for the specific conviction subject to the one strike law. Such is the situation in this case.

Johnson's prior conviction of section 288, subdivision (a) was the only allegation pled and proved in support of a one strike sentence for count 2. As such, it is within section 667.61, subdivision (f) because it counts as a single "circumstance" specified in section 667.61, subdivision (d)(1) and thus constitutes the "minimum number" of prior offenses required to invoke the 25-year-to-life penalty provision of subdivision (a). Application of subdivision (f) of section 667.61 directs that this "circumstance," i.e., the prior serious felony, shall be used as the basis of punishment under section 667.61, subdivision (a), "rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty."

Since what is being compared is the punishment imposed under section 667.61 with "the punishment authorized *under any other law*" for the same circumstance, the italicized phrase manifestly refers to any law, or statute establishing an "alternate penalty for the underlying felony" (see *People v.*

*Murphy* (2001) 25 Cal.4th 136, 155-156 [105 Cal.Rptr.2d 387, 19 P.3d 1129] and cases cited there (*Murphy*)), *other than section 667.61.* Where only one qualifying circumstance is involved, and the punishment prescribed under any other law, including the three strikes law, is not greater than the 25-year-to-life penalty provided by subdivision (a) of section 667.61, the plain language of subdivision (f) requires that the longer one strike punishment is to apply rather than the alternative penalty. This is in keeping with the clear purpose of section 667.61, which is to provide a greater penalty than otherwise would be imposed under another sentencing scheme.

Although the three strikes law provides "it is to be applied 'in addition to any other enhancement or punishment provisions which may apply' and that '[n]otwithstanding any other law, [its provisions] shall be applied in every case in which a defendant has a prior [serious or violent] felony conviction,'" (*People v. Ervin* (1996) 50 Cal.App.4th 259, 265 [57 Cal.Rptr.2d 728] (*Ervin*), italics omitted, disapproved on other grounds in *People v. Fuhrman* (1997) 16 Cal.4th 930, 947, fn. 11 [67 Cal.Rptr.2d 1, 941 P.2d 1189]), section 667.61, subdivision (f), part of the one strike law, enacted about six months after the three strikes law, expressly provides a limitation on the application of any law, including the three strikes law, for any particular qualifying present conviction. (Stats. 1994, ch. 447, § 1, pp. 2412-2414; *Ervin, supra,* 50 Cal.App.4th at p. 264.) Such clear pronouncement indicates the Legislature intended to exclude application of such other law when it provides a lesser sentence for the qualifying current conviction and no other circumstances are applicable to impose increased punishment for such conviction. (See *Murphy, supra,* 25 Cal.4th at p. 158.)

In this case, application of that other law, the three strikes law, provides for a lesser sentence based on Johnson's qualifying prior conviction. While the penalty for his count 2 conviction under the one strike law is 25 years to life, under the three strikes law his maximum penalty would be the upper term of 8 years, doubled to 16 years. Because there are no other circumstances applicable to impose an increased punishment for count 2, based on the language of subdivision (f) of section 667.61, we conclude the doubling of Johnson's 25-year-to-life sentence by reason of the same prior offense for which his one strike sentence was imposed was improper and cannot be sustained under a straightforward reading of the relevant statutes. (See *People v. Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].)

Nothing in section 667.61, however, compels the conclusion that once a prior serious felony conviction is used as a basis for a one strike sentence that *it* simply vanishes for all other sentencing purposes. This is especially

true of a qualifying strike prior. As noted above, the three strikes law "shall be applied in *every case* in which a defendant has a prior conviction as defined in subdivision (d)." (§ 667, subd. (f)(1).) By its language, the three strikes law thus necessarily applies in addition to any other punishment provisions for current convictions in a multiple count case unless such use is expressly limited. Thus, although subdivision (f) of section 667.61 explicitly limits the effect of the three strikes law when a defendant's prior serious felony conviction is the only circumstance qualifying a specific count or current conviction for punishment under the one strike law, the three strikes law will still apply to the remaining present convictions of a multiple count case not sentenced under the one strike law. In such manner, the provisions of the two statutes are given effect in any particular case. (See *Ervin, supra,* 50 Cal.App.4th at p. 264.) Therefore, the imposition of the three strikes terms for Johnson's other current convictions were proper and clearly mandated by the language of section 667, subdivisions (b) through (i).

### B. *The Section 667, Subdivision (a)(1) Enhancement*

Johnson also contends section 667.61, subdivision (f) precludes use of his prior conviction to sentence him under the one strike law and to also impose a five-year additional term in this case under section 667, subdivision (a)(1). Similar contentions have been repeatedly rejected (see, e.g., *People v. Nelson* (1996) 42 Cal.App.4th 131, 136-138 [49 Cal.Rptr.2d 361], and cases there cited [interplay between § 667, subd. (a), three strikes law, and other Penal Code sections]). We believe the most reasonable interpretation of the phrase "impose the punishment authorized under any other law" in the first sentence of section 667.61, subdivision (f) refers only to other sentencing schemes, rather than to the imposition of an enhancement added to a case under a specific recidivist statute. Our analysis is influenced by the fact that both the one strike and the three strikes laws constitute comprehensive sentencing schemes for qualifying defendants, rather than simple enhancements to a pre-extant sentencing arrangement. (See *Murphy, supra,* 25 Cal.4th at pp. 155-156; *People v. Martin* (1995) 32 Cal.App.4th 656, 666-668 [38 Cal.Rptr.2d 776] (*Martin*), disapproved on another point in *People v. DeLoza* (1998) 18 Cal.4th 585, 600, fn. 10 [76 Cal.Rptr.2d 255, 957 P.2d 945].) Such construction is also consistent with the Supreme Court's pronouncement in *Murphy* that the phrase refers to an "alternate penalty for the underlying felony." (See *Murphy, supra,* 25 Cal.4th at pp. 155-156.)

Although at first blush the language of the second sentence of subdivision (f) of section 667.61 might be read, as Johnson has done, to preclude use of the prior serious conviction as an enhancement once it has been used as a

circumstance to qualify a defendant for the section 667.61, subdivision (a) term,[5] we do not believe such construction is reasonable. We reach this conclusion based on the entire language of section 667.61, the distinction between enhancements that are count specific and those that are added to the sentence in the case, and the clear, consistent legislative history requiring the mandatory imposition of a section 667, subdivision (a)(1) prior serious felony conviction enhancement.

As noted above, the plain language of section 667.61 provides an alternative sentencing scheme for certain qualified repeat sexual offenders. Once qualified by a present specified sexual offense and at least one pled and proved circumstance listed in subdivision (d) or two pled and proved circumstances in subdivision (e), the defendant is subject to the "term" described in subdivision (a) for the current offense. (§ 667.61, subds. (a), (c), (d) & (f).) Subdivision (f) essentially defines the extent of the term for that one qualifying count. In its first sentence, it limits the term to 25 years to life if only one subdivision (d) circumstance is pled and proved or two subdivision (e) circumstances are pled and proved. (§ 667.61, subds. (a), (f).) However, in its second sentence, subdivision (f) requires the subdivision (a) term "shall" be increased by any additional "punishment or enhancement authorized under any other law" if more than one subdivision (d) or two subdivision (e) circumstances are pled and proved. (§ 667.61, subd. (f).) Because the circumstances other than the prior conviction circumstance listed in both subdivisions (d) and (e) refer only to the specific present offense,[6] they necessarily invoke additional punishment or an enhancement that is specific to that one count. Once the extent of the punishment for the

---

[5]To reiterate, the second sentence of subdivision (f) provides that "if any additional circumstance or circumstances specified in subdivision (d) . . . have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law. . . ."

[6]Section 667.61, subdivision (d) provides: "The following circumstances shall apply to the offenses specified in subdivision (c): [¶] (1) The defendant has been previously convicted of an offense specified in subdivision (c), including an offense committed in another jurisdiction that includes all of the elements of an offense specified in subdivision (c). [¶] (2) The defendant kidnapped the victim of the *present offense* and the movement of the victim substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent in the underlying offense in subdivision (c). [¶] (3) The defendant inflicted aggravated mayhem or torture on the victim or another person in the commission of the *present offense* in violation of Section 205 or 206. [¶] (4) The defendant committed the *present offense* during the commission of a burglary, as defined in subdivision (a) of Section 460, with intent to commit an offense specified in subdivision (c)."

Subdivision (e) of section 667.61 provides: "The following circumstances shall apply to the offenses specified in subdivision (c): [¶] (1) Except as provided in paragraph (2) of subdivision (d), the defendant kidnapped the victim of the *present offense* in violation of Section 207, 209, or 209.5. [¶] (2) Except as provided in paragraph (4) of subdivision (d), the defendant committed the *present offense* during the commission of a burglary, as defined in subdivision

subdivision (a) term is set using the criteria in subdivision (f), that term then supplants the usual penalty for the underlying felony for a qualifying offense. (See *Murphy, supra,* 25 Cal.4th at pp. 155-156.) In other words, the sentencing formula set out in section 667.61 theoretically prescribes an alternative base term for a qualifying current sexual offense due to the defendant's status as a repeat sexual offender rather than adding additional punishment to a base term. It essentially is a sentence that is imposed in lieu of a base sentence for the substantive crime.

Thus similar to the analysis in *Martin,* which distinguished a three strike "term" in lieu of a base term for a specific count from an "enhancement," which is " 'an additional term of imprisonment added to the base term' " (*Martin, supra,* 32 Cal.App.4th at p. 666), a one strike term under section 667.61, subdivision (a) "does not provide for any kind of 'added term.' Instead, it defines the term for the crime itself, supplanting the term that would apply but for the prior serious or violent felony." (*Martin, supra,* 32 Cal.App.4th at p. 667.) This conclusion is premised upon the long recognized distinction between an enhancement and a separate offense base term. (*Id.* at pp. 666-668.) As our Supreme Court has pointed out, " '[e]nhancements typically focus on an element of the commission of the crime or the criminal history of the defendant which is not present for all such crimes and perpetrators and which justifies a higher penalty than that prescribed for the offenses themselves. That is one of the very purposes of an enhancement's existence.' [Citation.]" (*People v. Rayford* (1994) 9 Cal.4th 1, 9 [36 Cal.Rptr.2d 317, 884 P.2d 1369]; distinguished on another point in *People v. Martinez* (1999) 20 Cal.4th 225, 235 [83 Cal.Rptr.2d 533, 973 P.2d 512].)

In addition to enhancements being distinguished from the term prescribed for the underlying crime itself, they have been said to be either crime or count specific or relating to the defendant's criminal history. The specific crime or count specific enhancements are typically added to the base term for a particular count while those relating to the status of the defendant are added to the sentence for the case. Consistent with the clear language of

---

(a) of Section 460, or during the commission of a burglary of a building, including any commercial establishment, which was then closed to the public, in violation of Section 459. [¶] (3) The defendant personally inflicted great bodily injury on the victim or another person in the commission of the *present offense* in violation of Section 12022.53, 12022.7, or 12022.8. [¶] (4) The defendant personally used a dangerous or deadly weapon or firearm in the commission of the *present offense* in violation of Section 12022, 12022.3, 12022.5, or 12022.53. [¶] (5) The defendant has been convicted in the *present case* or cases of committing an offense specified in subdivision (c) against more than one victim. [¶] (6) The defendant engaged in the tying or binding of the victim or another person in the commission of the *present offense.* [¶] (7) The defendant administered a controlled substance to the victim by force, violence, or fear in the commission of the *present offense* in violation of Section 12022.75." (Italics added.)

section 667, subdivision (a)(1), a five-year enhancement is mandated to be added to a defendant's sentence in any case where the defendant is convicted of a serious felony and has previously suffered a serious felony conviction. (§ 1385, subds. (b), (c)(2).) Only when a greater enhancement is available under another provision of law for the same prior offense, will a section 667, subdivision (a)(1) enhancement not be imposed. (See § 667, subd. (a)(2);[7] *People v. Jones* (1993) 5 Cal.4th 1142, 1149-1151 [22 Cal.Rptr.2d 753, 857 P.2d 1163] (*Jones*).)

Since 1986, the Legislature has continually expressed its manifest intent that a defendant who qualifies for a section 667, subdivision (a)(1) enhancement shall have five years added to his total sentence. (§§ 667, subd. (a)(1), 1385, subds. (b) & (c)(2).)[8] Because of this clear legislative directive, unless a statute expressly provides otherwise, or the apparent legislative purpose dictates we do so, we will not construe a provision in a statute to negate such mandate.[9] Thus, contrary to Johnson's interpretation of subdivision (f), we do not read such subdivision to preclude the imposition of a five-year serious felony enhancement under section 667, subdivision (a)(1) when the same prior conviction which triggers such enhancement is also used as a circumstance to sentence a defendant under the one strike law. To hold otherwise would thwart the Legislature's repeatedly expressed intent to punish more severely career criminals who stand convicted of a serious felony and have previously been convicted of a serious felony and also benefit rather than punish more severely the criminal who qualifies for a one strike sentence

---

[7]Subdivision (a)(2) of section 667 provides that "[t]his subdivision shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this subdivision to apply."

[8]Section 667, subdivision (a) was amended in 1986 to insert reference at the beginning of the first sentence relating to "compliance with subdivision (b) of Section 1385." (Stats. 1986, ch. 85, § 1.5, p. 211, eff. May 6, 1986.) Subdivision (b) of section 1385 provides that subdivision (a) of that section "does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." In 2000, when the Legislature amended section 1385 to provide in subdivision (c)(1) authority for the court to strike the additional punishment for an enhancement if it had the authority to strike or dismiss under subdivision (a) of that section, it also added subdivision (c)(2) reiterating that such amendment did not authorize the court "to strike the additional punishment for any enhancement that cannot be stricken or dismissed pursuant to subdivision (a)." (§ 1385, as amended by Stats. 2000, ch. 689, § 3.)

[9]Unlike the provisions in another habitual offender law, section 667.7, subdivision (b), which were construed to preclude an enhancement under section 667, subdivision (a)(1) from being used both to calculate a defendant's minimum period of required imprisonment on his life term which was lengthened by five years due to the enhancement and to also add five years consecutive to such term (see *People v. Jenkins* (1995) 10 Cal.4th 234, 252-254 [40 Cal.Rptr.2d 903, 893 P.2d 1224] (*Jenkins*)), the statute at issue here does not contain a similar formula for calculating the defendant's one strike term.

due to his repeated heinous sexual crimes. In addition, Johnson's interpretation would preclude the court from imposing a prior serious felony conviction to enhance a sentence in any case even when a defendant stood convicted of other current multiple serious felonies. We do not believe such absurd results were intended by the Legislature. We therefore find the trial court properly imposed the five-year serious felony enhancement in this case.

## C. Section 647.6, Subdivision (c)(2)

■ Johnson's further argument that section 667.61, subdivision (f) also prohibits elevating the punishment for his child molestation convictions to felonies under section 647.6, subdivision (c)(2),[10] again has no merit. In somewhat analogous situations, similar assertions have been rejected. In *People v. Levesque* (1995) 35 Cal.App.4th 530 [41 Cal.Rptr.2d 439] (*Levesque*), the court held that the defendant's prior lewd conduct conviction (§ 288, subd. (a)) could be used to sentence him to a 15-year-to-life term under section 667.51, subdivision (d), which provides for such sentence if a defendant has violated section 288 after having been convicted of two or more enumerated sex offenses, and also as a basis for punishing his section 647.6 violation as a felony instead of a misdemeanor without violating section 654. (*Levesque, supra,* 35 Cal.App.4th at pp. 546-547.) The court in *Levesque* reasoned that because section 667.51 and section 647.6, subdivision (c)(2) prescribed higher base terms for current offenses due to the defendant's status as a repeat offender, neither constituted a sentence enhancement that adds additional punishment to a base term and therefore section 654 did not apply. (*Levesque, supra,* 35 Cal.App.4th at pp. 546-547.)

Again in *People v. Coronado* (1995) 12 Cal.4th 145 [48 Cal.Rptr.2d 77, 906 P.2d 1232] (*Coronado*), the court held section 654 was not violated by the use of a prior conviction and resulting prior prison term to elevate a driving under the influence charge to a felony under former Vehicle Code section 23175 and also to trigger a one-year sentence enhancement under section 667.5, subdivision (b), for service of a prior prison term. (*Coronado, supra,* 12 Cal.4th at p. 149.) The court explained that because prior prison term enhancements are not imposed for "acts or omissions" within the meaning of section 654, but rather apply to the recidivist status of the defendant, not the underlying criminal conduct that gave rise to the prior and

---

[10]Subdivision (a) of section 647.6 provides that: "Every person who annoys or molests any child under the age of 18 shall be punished by a fine not exceeding one thousand dollars ($1,000), by imprisonment in the county jail for not exceeding one year or by both the fine and imprisonment." Subdivision (c)(2) then provides that: "Every person who violates this section after a previous felony conviction under . . . this section, a conviction under Section 288, . . . shall be punished by imprisonment in the state prison for two, four, or six years."

current convictions, both imposition of a sentence enhancement and the elevation of a misdemeanor offense to a felony based on the same prior conviction were proper. (*Coronado, supra,* 12 Cal.4th at pp. 156-158.) The court in *Coronado* also cited in support of its conclusion *People v. Price* (1992) 4 Cal.App.4th 1272, 1277 [6 Cal.Rptr.2d 263], which held section 654 does not apply to section 666 which establishes an elevated alternative penalty for a petty theft conviction when a repeat offender has served a prior prison term for a listed offense. (*Coronado, supra,* 12 Cal.4th at p. 157.)

As in *Levesque, Coronado* and *Price,* Johnson's prior conviction for violating section 288, subdivision (a) was not used as an aggravating circumstance to increase his sentence on the misdemeanor child molestation counts in this case, but rather was used to impose the alternative felony sentencing provision of section 647.6, subdivision (c)(2) due to his status as a repeat offender. Importantly, the limiting language of subdivision (f) of section 667.61 in this case only pertains to alternative sentencing laws and enhancements for the current count 2 one strike offense, and not to the counts of child molestation for which Johnson was convicted. We therefore also reject Johnson's assertion of sentencing error in this regard.

D. *Conclusion*

In sum, we conclude the trial court improperly imposed a 50-year-to-life sentence for count 2 under section 667.61, but properly imposed three strike sentences on Johnson's remaining counts, properly elevated his child molestation convictions to felonies under section 647.6, subdivision (c)(2) and properly imposed a five-year serious felony enhancement. We, therefore, reverse only the punishment for count 2 and affirm the remaining sentences.

II

*Sentencing Under Sections 667.61 and 667.71*

■ Because the count 2 offense also qualified for punishment under the habitual sexual offender law (§ 667.71), and the trial court imposed and then stayed a 50-year-to-life sentence for count 2 under such law, we requested the parties submit supplemental briefing on whether such stay under section 654 was authorized. We directed the parties' attention to *Murphy, supra,* 25 Cal.4th 136 for guidance in the matter. After reviewing the supplemental briefing in light of the law in existence at the time Johnson committed his count 2 offense, we conclude the matter must be remanded for resentencing. We explain.

## A.  *Exclusive Alternatives*

In 1996, at the time Johnson committed his count 2 section 288, subdivision (b) offense, section 667.71 provided that "a habitual sexual offender is a person who has been previously convicted of one or more of the offenses listed in subdivision (d) and who is convicted in the present proceeding of one of those offenses." A person who qualified under this statutory definition, i.e., by having such status alleged and proven, "is punishable by imprisonment in the state prison for 25 years to life." (§ 667.71, subds. (a), (b) & (d).) Because both Johnson's prior section 288, subdivision (a) conviction and his current count 2 offense were included in subdivision (d) of section 667.71, and his status as a habitual sexual offender was alleged and found to be true, he qualified for the 25-year-to-life punishment under section 667.71, subdivision (b).

As noted earlier, it was also pled and proved that Johnson had a strike prior that required application of the three strikes law in this case. In *Murphy*, our Supreme Court found that a reading of section 667.71 and the three strikes law "disclose a legislative intent that the Three Strikes law apply in addition to section 667.71." (*Murphy, supra*, 25 Cal.4th at p. 157, italics omitted.) The court also found that neither section 654 nor " 'the various proscriptions against dual use of facts for sentencing purposes' " precludes the application of both recidivist sentencing schemes in any particular case. (*Murphy, supra*, 25 Cal.4th at pp. 154-158.) Thus, unlike with section 667.61, which we have determined contains specific language limiting the application of the three strikes law with the one strike law (§ 667.61, subd. (f)), nothing in section 667.71 limits full application of the three strikes law to Johnson's current count 2 conviction when sentenced under that recidivist sentencing scheme. Rather, the 25-year-to-life term imposed under subdivision (b) of section 667.71 for count 2 should have been doubled to a 50-year-to-life term under the three strikes law.

Although the court in *Murphy* was not confronted with the problem facing the trial court here, i.e., how to sentence the defendant under sections 667.61 and 667.71 after they were pled and proved for the same current conviction, we believe the reasoning in *Murphy* is instructive in analyzing such issue in this case. There, in further support of the application of the three strikes law in addition to punishment under section 667.71, the court noted that: "[U]ntil its amendment in 1998, section 667.71 expressly specified the sentencing provisions that were exclusive alternatives to section 667.71. As originally enacted in 1993, . . . section 667.71 provided: 'At the request of the prosecutor and in lieu of the punishment specified in [this section], the court shall order that the defendant be punished pursuant to Section 1170.1, 667.6,

or 667.7, if applicable.' [Citation.] The Legislature amended this provision in September 1994, *after* the Three Strikes law took effect, by adding a reference *only* to the newly enacted section 667.61; it did not also add a reference to the new Three Strikes law. [Citations.] This provision was completely deleted in 1998. [Citation.] Nevertheless, the Three Strikes law's omission from the repealed provision that expressly specified the punishment *alternatives* to section 667.71 fully supports [the] conclusion that the Legislature intended the Three Strikes law to operate in addition to, not to the exclusion of, section 667.71." (*Murphy, supra,* 25 Cal.4th at p. 158, fn. omitted.)

From this we glean that before the 1998 amendment of section 667.71, section 667.61 was expressly considered a possible sentencing alternative to the exclusion of section 667.71, provided the prosecutor requested such alternative sentence. The relevant legislative history explains that in enacting former section 667.71, subdivision (d), which then became subdivision (c), operative until its repeal in 1998, the Legislature recognized that "persons could be sentenced to even lengthier terms under existing law [and such subdivision] would allow prosecutors to request that the court sentence the defendant pursuant to existing law in lieu of the provisions established [under section 667.71]." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 196 (1993-1994 Reg. Sess.) June 22, 1993, p. 4.) This same "in lieu of" language was contained in former section 667.72, which provided for increased punishment for habitual child molesters, and has been interpreted as showing the Legislature intended that section 667.71 would be applied where it required greater punishment than any of the enumerated alternative sentencing provisions. (*Murphy, supra,* 25 Cal.4th at pp. 152-153.) Subdivision (c) of section 667.71 was subsequently amended in 1994 to include section 667.61 as one of the express alternatives to a sentence under section 667.71 for which the prosecutor could seek punishment for a crime. The Legislature thus also intended section 667.71 would be applied where it required greater punishment than the alternative sentencing provisions of section 667.61 for any particular current offense.

In a footnote in *Murphy,* the court noted that although the same pre-1998 amendment provision of section 667.71 was operative there, the prosecution did not request sentencing under one of the alternative statutes nor did the trial court mention the specified alternative sentencing statutes. (*Murphy, supra,* 25 Cal.4th at p. 158, fn. 8.) Under such circumstances, the court in *Murphy* commented that the trial court had no discretion other than to sentence the defendant there under section 667.71. (*Murphy, supra,* 25 Cal.4th at p. 158, fn. 8.)

In this case, the repealed provision was also operative when Johnson committed his count 2 offense. Based on its plain language, the court was

required to impose sentence for such count under section 667.71, subdivision (b) unless the prosecutor requested punishment under "Section 667.6, 667.61, 667.7, or 1170.1, if applicable" in lieu of such 25-year-to-life punishment. (Former § 667.71, subd. (c).) The dilemma becomes whether the prosecutor in this case actually requested sentencing under section 667.61 rather than under section 667.71 pursuant to subdivision (c) of section 667.71. Johnson's position is that the prosecutor did so by asking the court to impose the sentence "suggested by the probation officer," who had recommended a 50-year-to-life term for the count 2 offense under section 667.61 and the three strikes law, and that the 25-year-to-life term for section 667.71 be stayed under section 654. However, neither the statements in aggravation and mitigation, or Johnson's motion to strike his prior serious conviction addressed the matter. Nor did the parties or court mention the issue at the time of sentencing. Without an express request by the prosecutor or some recognition on the record by either the parties or court that the section 667.61 "alternative punishment" was being used instead of section 667.71, we hesitate to find subdivision (c) of section 667.71 was exercised in this case.

Although it might naturally follow from this conclusion that the trial court had no discretion but to sentence under section 667.71 because there was no exercise by the prosecutor of subdivision (c) of that section and no other alternative sentence, including one under section 667.61, would provide a longer sentence for count 2 (*Murphy, supra*, 25 Cal.4th at pp. 152-153, 158, fn. 8), we decline to simply modify the count 2 sentence and affirm it. Even though we do not believe the prosecutor specifically requested the court sentence under section 667.61 in lieu of section 667.71, because subsequent case law would seem to require that subdivision (c) of section 667.71 be read to provide the trial court authority to impose such sentence on its own motion to withstand constitutional challenge (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 508-518 [53 Cal.Rptr.2d 789, 917 P.2d 628]) (*Romero*),[11] we believe the best solution is to remand for resentencing, leaving the trial court the choice whether to exercise such authority. Further, having had familiarity with this case and Johnson's criminal background, the trial court is in the best position to resentence him, "rather than have us hazard a guess in the first instance as to the likely sentence that would have been imposed had the trial court been advised of our interpretation[s concerning section 667.61, subdivision (f)'s limitation on applying the three strikes law with that sentencing scheme and the interplay between a section

---

[11]It appears from the legislative history of section 667.71, that one reason subdivision (c) was deleted was "to remove a potential constitutional infirmity with the statute which violates the 'separation of powers' doctrine as enunciated by the California Supreme Court." (Sen. Rules Com., Analysis of Assem. Bill No. 1290 (1997-1998 Reg. Sess.) Aug. 24, 1998, p. 2.)

667.61 and section 667.71 sentence for the same count]." (*People v. Scott* (1993) 17 Cal.App.4th 1383, 1388 [22 Cal.Rptr.2d 46].)

On remand, the court will again have the discretion to consider whether it will strike Johnson's prior serious felony conviction under section 1385 with regard to section 667.71 for count 2. (*People v. Garcia* (1999) 20 Cal.4th 490 [85 Cal.Rptr.2d 280, 976 P.2d 831]; *People v. Williams* (1998) 17 Cal.4th 148, 158-159 [69 Cal.Rptr.2d 917, 948 P.2d 429]; *Romero, supra,* 13 Cal.4th 497.) If it does so, then the sentence for the count 2 offense will be controlled by section 667.61 as determined in the first section of this opinion. If the court, however, does not strike the prior for purposes of section 667.71, then it must determine whether sentence for count 2 will be imposed under that section, doubled under the three strikes law, or under section 667.61. The court is reminded, however, that it is required to state reasons on the record for each of its sentencing choices in this regard, so that we may have a complete record for any subsequent review.

B.  *Section 654*

Although it is unnecessary to address the question we originally asked the parties to brief as we have determined the sentence for count 2 must be reversed and remanded for resentencing, because both Johnson and the People take the position the court has the power under section 654 to stay the alternative sentence not imposed for that count, we comment generally on the matter for the guidance of the trial court. While recognizing that at least one appellate court has determined the proper procedure is to stay the execution of an alternative sentence imposed on any one count (*People v. Mendias* (1993) 17 Cal.App.4th 195, 203 [21 Cal.Rptr.2d 159]), we believe such an alternative penalty would have to be stricken to be consistent with the determination in *Murphy* that section 654 does not apply to recidivist sentencing schemes which focus on the status of the defendant as a repeat felon. (*Murphy, supra,* 25 Cal.4th at pp. 154-156.) Such sentencing schemes "apply to the fact of defendant's recidivism, not to an act or omission within the meaning of section 654. [Citation.]" (*Id.* at p. 155, italics omitted.)

We are mindful there is language in *Murphy*, taken from *Jenkins, supra,* 10 Cal.4th 234, which addressed section 667.7, another habitual offender punishment statute, from which an argument can be made for the application of section 654 under the circumstances presented by this case. (*Murphy, supra,* 25 Cal.4th at pp. 150-151.) The court in *Murphy* noted that in *Jenkins* it had stated that " '[s]ection 667.7, like other recidivist punishment statutes that

provide for more severe sentences for repeat offenders, specifies the applicable sentence for a present conviction of a qualifying felony committed by a defendant with a recidivist criminal history. Although the defendant's status invokes the increased sentence, it is the new criminal conduct—and in particular one or more specific felony convictions—for which the defendant presently is being punished.' " (*Murphy, supra*, 25 Cal.4th at p. 150, italics omitted, quoting *Jenkins, supra*, 10 Cal.4th at pp. 254-255.) Although this language might arguably support an assertion Johnson's forcible lewd conduct in count 2 is being punished in two different ways in violation of section 654, the court in *Murphy* used such reasoning from *Jenkins* only to find section 667.71 operated in the same manner as section 667.7 with regard to the imposition of consecutive terms for each of a defendant's new convictions for which he was being punished based on his status as a habitual sexual offender. (*Murphy, supra*, 25 Cal.4th at p. 151.) However, *Jenkins* did not discuss section 654, and *Murphy*, as already noted, explicitly found section 654 was not implicated by the interplay between recidivist sentencing statutes.

Thus, while we agree with the parties that sentences under both section 667.71 and section 667.61 cannot be imposed for count 2 based on the specific language in section 667.71, which evidences the Legislature's intent that only one of those sentencing schemes may be applied for a single conviction when applicable, we disagree that section 654 pertains to such recidivist sentencing schemes when pled and proved with regard to the same current conviction. We concur with the view that section 654 applies only to criminal acts or omissions and not to the fact of the existence of a prior felony conviction which triggers the recidivist sentencing provisions. (*Murphy, supra*, 25 Cal.4th at pp. 154-155; *People v. DeSimone* (1998) 62 Cal.App.4th 693, 700 [73 Cal.Rptr.2d 73].) In acknowledging that the defendant's current conduct was what was being punished at an increased level due to his status as a repeat offender, the court in *Murphy* noted the purpose of section 667.71 was not to " 'punish especially aggravated instances of a particular crime,' but to '. . . punish recidivism.' " (*Murphy, supra*, 25 Cal.4th at p. 155.) In other words, " ' "[i]t is the current offense which calls for the penalty, the magnitude of which is attributable to [the defendant's] status as a repeat offender." ' [Citations.]" (*DeSimone, supra*, 62 Cal.App.4th at p. 700.) Thus, statutes like section 667.71, which establish section 667.61 as an alternative punishment for an underlying felony based on the fact of the defendant's status as a recidivist, simply do not invoke application of section 654. (*Murphy, supra*, 25 Cal.4th at p. 156.) Rather, we believe that, similar to the imposition of certain recidivist enhancements, when the Legislature has specifically provided, as it did in section 667.71,

subdivision (c),[12] that specific cumulative sentences for the same conduct may not be imposed, i.e., that only one of the alternative recidivist sentences recognized by that section may be imposed, such statutory authority permits the trial court to strike such alternative penalty if pled and proved.[13] (See *Jones, supra,* 5 Cal.4th at pp. 1147-1152; *People v. Flournoy* (1994) 26 Cal.App.4th 1695, 1697-1701 [32 Cal.Rptr.2d 188].)

## C. *The Prison Prior*

Finally, although not raised by the parties, we note that as part of Johnson's sentence, the court imposed and then stayed the one-year enhancement for his prison prior. Because such enhancement should have been stricken rather than stayed (see *Jones, supra,* 5 Cal.4th at p. 1153; *People v. Jones* (1992) 8 Cal.App.4th 756, 758 [10 Cal.Rptr.2d 502]), the court imposed an unauthorized sentence which is subject to correction on review (*People v. Menius* (1994) 25 Cal.App.4th 1290, 1295 [31 Cal.Rptr.2d 15]). We, therefore, order the prison prior enhancement stricken. (§ 1260.)

### DISPOSITION

The sentence for count 2 is reversed and the prison prior enhancement is stricken. In all other respects, the judgment is affirmed. The matter is remanded for resentencing on count 2 in accordance with the views expressed in this opinion. The trial court is directed to amend the abstract of judgment accordingly and to forward a certified copy of the amended abstract to the Department of Corrections.

Benke, Acting P. J., and McDonald, J., concurred.

---

[12]Because subdivision (c) was applicable at the time Johnson committed his count 2 offense, we do not address the effect of the deletion of subdivision (c) from section 667.71 in 1998 on the trial court's authority to impose such terms for crimes committed after that date.

[13]Although it has been determined that a trial court has no authority to strike any of the circumstances specified in subdivision (d) of section 667.61 once they have been pled and proved (*People v. Jackson* (1998) 66 Cal.App.4th 182, 193-194 [77 Cal.Rptr.2d 564]; *People v. Estrada* (1997) 57 Cal.App.4th 1270, 1277 [67 Cal.Rptr.2d 596]; *People v. Espino* (1997) 53 Cal.App.4th 92, 94-96 [61 Cal.Rptr.2d 350]), nothing in section 667.61 precludes a court from striking the punishment for those circumstances where the defendant is sentenced under an alternative sentencing scheme.