Filed 3/14/25  P. v. Jackson CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROMEL DONAH JACKSON,<br><br>    Defendant and Appellant. | B336238<br><br>(Los Angeles County<br> Super. Ct. No. BA432044) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa S. Coen, Judge.  Reversed and remanded.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Nikhil Cooper, Deputy Attorney General, for Plaintiff and Respondent.

Romel Donah Jackson appeals from a post-conviction order denying his request for resentencing pursuant to Penal Code section 1172.75.[1]  He contends the court erred in construing section 1172.75 to exclude from relief persons whose judgments included prior prison term enhancements (former § 667.5, subd. (b)) that were imposed and stayed.  We agree with appellant, reverse the trial court's order, and remand for full resentencing.

## BACKGROUND

In September 2016, appellant pleaded no contest in this matter to one count of home invasion robbery (§ 211).  He admitted personal use of a firearm during the robbery (§ 12022.53, subd. (b)) and suffering a 2011 robbery conviction, which constituted a serious felony conviction (§ 667, subd. (a)(1)) and resulted in a prison term (former § 667.5, subd. (b)).  The agreed-upon disposition was comprised of the upper term of nine years for the substantive offense (see § 213, subd. (a)(1)(A)), plus 10 years for personally using a firearm, five years for suffering a prior serious felony, and one year for serving a prior prison term. After advising appellant of his rights and the consequences of his plea, the court accepted and found a factual basis for his plea and admissions.  The court held the matter over for sentencing because of another ongoing criminal case against defendant.

Several months later, appellant pleaded no contest in the other matter to attempted murder (§§ 664/187, subd. (a)) and felon in possession of a firearm (§ 29800, subd. (a)).  He also

---

[1]  Subsequent unspecified references to statutes are to the Penal Code.

2

admitted various sentence enhancements allegations. (See Los Angeles Superior Court No. VA139342).

Proceeding to sentencing on both criminal matters, the parties agreed to an amended sentence in this case as follows: one-third of the six-year middle term for home invasion robbery, doubled for suffering a serious or violent felony within the meaning of the Three Strikes Law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), plus three years four months for personally using a firearm (§ 12022.53, subd. (b)) and five years for suffering a serious felony conviction (§ 667, subd. (a)(1)). The court "stay[ed] the 667.5, subdivision (b), enhancement," and ordered the amended sentence to run consecutively to the 37-year-four-month-sentence imposed in the other criminal matter. The court dismissed all remaining counts and allegations in both cases.

On October 28, 2022, the trial court issued an order recognizing the California Department of Corrections and Rehabilitation's identification of appellant's case for review pursuant to Senate Bill No. 483. The court appointed counsel and set the matter for a section 1172.75 hearing.

At a hearing on December 12, 2023, the trial court found appellant ineligible for resentencing under section 1172.75 because his one-year sentence imposed under former section 667.5(b) was stayed and not executed. After recognizing a split in authority on this issue, the court sided with the lone published decision excluding those like appellant from relief. (Citing *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), rev. granted Feb. 21, 2024, S283169.)

3

## DISCUSSION

The parties interpret section 1172.75 differently.  Appellant argues he is entitled to relief under this provision because his sentence includes a former section 667.5(b) enhancement that was imposed but stayed.  The Attorney General contends the law only applies to section 667.5(b) enhancements that are imposed and executed.  We agree with appellant's interpretation.

### A.  Governing Law: Statutory Interpretation

"The proper interpretation of a statute is a question of law we review de novo."  (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)  As in any case requiring statutory interpretation, ""our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose.  [Citation.]  We begin by examining the statute's words, giving them a plain and commonsense meaning.  [Citation.]"  [Citation.]  "When the language of a statute is clear, we need go no further."  [Citation.]  But where a statute's terms are unclear or ambiguous, we may "look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.""  (*People v. Scott* (2014) 58 Cal.4th 1415, 1421.)

"There are situations when the electorate or the Legislature will supply a definition for the subject provision or statute and there are times when no specific definition is provided.  In the latter instance, must the appellate court offer a strict construction, as, for example, when the rule of 'lenity' requires that a criminal defendant receive the benefit of the doubt?  (See e.g. *People v. Alberts* (1995) 32 Cal.App.4th 1424,

4

1427.)  Or is the appellate court to liberally construe the statute if it is 'remedial'?  (*Almar Limited v. County of Ventura*[ (2012)] 56 Cal.App.4th [86,] 110.)  We should not resort to the 'dictionary school of jurisprudence' when construing a statute.  (See e.g. *Unzueta v. Ocean View School District* (1992) 6 Cal.App.4th, 1689, 1705, dissenting opn. of Justice Gilbert.)  And we must follow the overall guideline given to us by the Legislature and construe the provisions of a statute 'according to the fair import of their terms, with a view to effect its objects and to promote justice.' (Pen. Code, § 4.)" (*People v. Clayburg* (2012) 211 Cal.App.4th 86, 88.)  "Our primary task, after all, is to identify and effectuate the underlying purpose of the law we are construing."  (*People v. Garcia* (2017) 2 Cal.5th 792, 805.)

**B.    Section 1172.75: Legislative History and Statutory Language**

In 2019, the Legislature amended section 667.5(b) to narrow the class of persons subject to a one-year sentence enhancement for serving a prior prison term.  (See Stats. 2019, ch. 590, § 1 [enhancement now applies to prior prison term served "for a sexually violent offense"].)  Two years later, the Legislature enacted former section 1171.1, now section 1172.75, to retroactively invalidate the repealed enhancements imposed under former section 667.5(b).  (See Stats. 2021, ch. 728, § 1; Stats. 2022, ch. 58, § 12.)

Section 1172.75, subdivision (a) states, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.75, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  Subdivision (b) directs the

5

Department of Corrections and Rehabilitation (CDCR) and county correctional administrator to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)," and provide those persons "to the sentencing court that imposed the enhancement." Upon receiving the information described in subdivision (b), the court shall "verify that the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) For judgments including these enhancements, "the court shall recall the sentence and resentence the defendant." (*Ibid.*; see also § 1172.75, subds. (d)-(e).)

## C.    Analysis

Here, the parties dispute "the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to [former] section 667.5, subdivision (b) that was imposed *and stayed* for a non-sexually violent offense . . . is 'a sentencing enhancement described in subdivision (a)' of section 1172.75. (§ 1172.75, subd. (c).)" (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311 (*Christianson*), rev. granted Feb. 21, 2024, S283189.)

There is a split in authority on this dispute. In *Rhodius*, the Fourth Appellate District construed section 1172.75 to limit resentencing relief to those upon whom section 667.5(b) enhancements were imposed and executed, not stayed. (See *id.* at pp. 46–49.) "Every other appellate court that has considered this issue, however, has reached the opposite conclusion." (*People v. Bravo* (2025) 107 Cal.App.5th 1144, 1154 (*Bravo*); accord,

*People v. Espino* (2024) 104 Cal.App.5th 188, 196, rev. granted Oct. 23, 2024, S286987; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 676, rev. granted Aug. 14, 2024, S285853; *People v. Saldana* (2024) 97 Cal.App.5th 1270, 1277, rev. granted Mar. 12, 2024, S283547; *Christianson*, *supra*, 97 Cal.App.5th at p. 316.)[2]  The issue is currently pending in our Supreme Court. (E.g., *Rhodius*, S283169.)

Until the Court provides guidance on the issue, we agree with the weight of authority interpreting the term "imposed" in section 1172.75 to include imposed and stayed sentences under former section 667.5(b).  As these cases conform to our own construction of section 1172.75, we incorporate their reasoning here.  (See e.g., *Mayberry*, *supra*, 102 Cal.App.5th at pp. 674–676; *Saldana*, *supra*, 97 Cal.App.5th at pp. 1276–1278; *Christianson*, *supra*, 97 Cal.App.5th at pp. 311–317.)

We must begin with the statute's plain language.  Section 1172.75 generally invalidates former section 667.5(b) enhancements and prescribes a process for identifying, screening, and resentencing persons upon whom such enhancements were "imposed prior to January 1, 2020[.]"  (§ 1172.75, subds. (a)-(c).) When we interpret section 1172.75, we must consider the section it specifically references, section 667.5(b), in "the form in which [it] exist[ed] at the time of the reference and not as subsequently modified . . . ."  (*Palermo v. Stockton Theatres* (1948) 32 Cal.2d 53, 58–59.)

As the Attorney General admits, an imposed sentence under former section 667.5(b) included (1) an imposed finding

---

[2]    According to our own review of the caselaw, every case to consider the issue in this district has disagreed with the reasoning in *Rhodius* in favor of the *Christianson* line of authority.

under that former section; and (2) either a stayed one-year term of punishment or an executed one-year term of punishment. (See former § 667.5, subd. (a), as amended 2018 Stats., ch. 423, § 65; *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125 ["it is important to understand that the word 'impose' applies to enhancements that are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*'"].)

The distinction between imposed and stayed, and imposed and executed, was discussed in *People v. Brewer* (2014) 225 Cal.App.4th 98 (*Brewer*). In *Brewer*, the Attorney General recognized that sentencing courts could impose a former section 667.5(b) enhancement, while staying punishment on the enhancement. (*Id.* at p. 103.) In agreeing, the court stated, "California Rules of Court, rule 4.447 . . . expressly authorizes a stay of an enhancement when 'an enhancement that *otherwise* would have to be either imposed or stricken is barred by an overriding statutory prohibition. In that situation—and that situation only—the trial court can and should stay the enhancement.' [Citation.] 'This rule is intended "to avoid violating a statutory prohibition or exceeding a statutory limitation, while preserving the possibility of imposition of the stayed portion should a reversal on appeal reduce the unstayed portion of the sentence. [Citation.]" [Citation.]' [Citation.]"[3] (*Brewer*, *supra*, at p. 104, fn. omitted.)

Notwithstanding its prior position in *Brewer*, the Attorney General now contends our Supreme Court eliminated a

---

[3] California Rules of Court, rule 4.447 permits imposition and "[s]tay execution of the part of the term" of an enhancement prohibited by law, or exceeding limitations on the imposition of multiple enhancements. (Cal. Rules of Court, rules 4.447(b), 4.447(a)(2).)

sentencing court's ability to stay punishment under former section 667.5(b) in *People v. Anderson* (2018) 5 Cal.5th 372 (*Anderson*). We disagree. *Anderson* involved the automatic appeal of a death sentence. After addressing the many bases on which the defendant challenged his convictions and sentence, the court succinctly struck a one-year enhancement that the parties agreed should have been stricken. (*Id.* at p. 426.) The *Anderson* Court dedicated four sentences to this conceded issue at the end of its decision. The Court did not interpret former section 667.5(b) or a sentencing court's discretion under that statute.

Beyond its incorporation of former section 667.5(b), section 1172.75 provides additional guidance on the term "imposed" by its reference to inmates serving terms "for a *judgment*" including "*[a]ny* sentence enhancement" imposed under former section 667.5(b). (§ 1172.75, subds. (a)-(c), italics added.) These terms suggest an intent to cover persons whose judgments include *any* imposed enhancement, whether executed or stayed. (See *People v. Lopez* (2025) 17 Cal.5th 388, 391 ["'judgment' means "'the judgment of conviction'" and the sentence"]; *Berman v. United States* (1937) 302 U.S. 211, 212, [same]; *Siskiyou County Farm Bureau v. Dept. of Fish & Wildlife* (2015) 237 Cal.App.4th 411, 430 ["any" refers to "'broad, general, and all embracing"].)

In analyzing section 1172.75, the Attorney General focuses on language suggesting resentencing is limited to persons "currently serving a term" under former section 667.5(b) and whose modified sentence would "result in a lesser sentence than the one originally imposed. . . ." (Quoting § 1172.75, subds. (b), (d)(1)). The Attorney General argues resentencing persons like appellant would not result in a reduced sentence because

9

appellant's "term of imprisonment was not increased because of the enhancement in the first place."

We disagree with this limited reading of section 1172.75, which the Attorney General does not support with citation to materials evidencing the Legislature's intent.[4] (See *People v. Garcia* (2016) 62 Cal.4th 1116, 1124 [canons of construction are ways "to observe whether a 'common thread runs through' the terms of a statute, and places statutory terms in context rather than 'in a vacuum, as if [they] stood alone in the text'"].) Even "[w]hen a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated. [Citation.] Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson, supra*, 97 Cal.App.5th at p. 312; *Lopez, supra*, 119 Cal.App.4th at p. 365 ["if for some reason we invalidated the actual sentence in this appeal, we could impose the correct alternative sentence ourselves; or, we could just remand for resentencing"].)

Conscious of the weight of authority against his proposed interpretation, the Attorney General suggests an alternate path to affirming the trial court's ruling. Rather than interpreting

---

[4]     The Attorney General cites legislative materials that are not in the appellate record and were not presented to this court for review. (See Cal. Rules of Court, rules 8.320(a), 8.340(c); *People v. Ng* (2022) 13 Cal.5th 448, 516 [appellate court does not review information outside the trial or appellate record].)

section 1172.75, the Attorney General requests striking the stayed enhancement altogether because it was imposed for the same offense constituting appellant's prior serious felony conviction (§ 667, subd. (a)(1)).  In making this argument, the Attorney General cites *People v. Jones* (1993) 5 Cal.4th 1142, 1150 (*Jones*), which states, "[W]hen multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply."

"The appellate courts are in conflict over the proper treatment of the section 667.5(b) prior prison term not to be served.  *Jones* concludes with a direction to the trial court, without discussion, to strike the [former] section 667.5(b) enhancement."  (Couzens et al, Sentencing California Crimes (The Rutter Group 2024) § 12:12, citing *Jones*, *supra*, 5 Cal.4th at p. 1153; *People v. Johnson* (2002) 96 Cal.App.4th 188, 209, disapproved on another ground in *People v. Acosta* (2002) 29 Cal.4th 105.)  However, "it is not at all clear whether the court [in *Jones*] intended to strike the enhancement *finding* or the *punishment* for the enhancement."  (*People v. Lopez* (2004) 119 Cal.App.4th 355, 364, original italics; Cal Rules of Court, rule 4.447.)  As we have discussed, "[a]nother line of authority suggests the proper procedure is to impose the extra term, then stay it" because reversal on appeal could lead to the elimination of the unstayed enhancement.  (Couzens et al, Sentencing California Crimes (The Rutter Group 2024) § 12:12, citing *Jones*, *supra*, 5 Cal.4th at p. 115.)  In light of this, we decline to strike the stayed term under former section 667.5(b) as an unauthorized sentence.  (See *People v. Scott* (1994) 9 Cal.4th 331, 354 ["a

sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case"].)

In sum, we conclude the trial court erred in refusing to strike defendant's former section 667.5(b) enhancement and conduct a full resentencing hearing pursuant to section 1172.75. The appropriate remedy in this matter is to strike the stayed term and remand for a resentencing hearing, at which "'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' [Citations.]" (*People v. Buycks* (2018) 5 Cal.5th 857, 893–895.)

## DISPOSITION

The order finding appellant ineligible for resentencing is reversed. The matter is remanded for full resentencing under section 1172.75. We express no opinion on how the court should exercise its discretion on remand.

MORI, J.

We concur:

ZUKIN, Acting P. J.

**DAUM, J.

---

** Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.